Argued and submitted June 8, 2011, reversed June 13, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LYNETTE KOLE MORESCO,
*Defendant-Appellant.*

Multnomah County Circuit Court
090849438; A144016

281 P3d 263

Andrew D. Robinson, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Gregory A. Rios, Assistant Attorney General, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Stacey RJ Guise, Senior Assistant Attorney General.

Before Brewer, Presiding Judge, and Haselton, Chief Judge.*

BREWER, P. J.

_____

* Haselton, C. J., *vice* Gillette, S. J.

**BREWER, P. J.**

Defendant appeals a judgment of conviction for giving false information to a police officer, ORS 162.385(1)(b), arguing that the trial court erred in denying her motion for a judgment of acquittal because no rational trier of fact could have found that the officer to whom she lied about her identity had asked for her name for the purpose of arresting her on a warrant. We reverse.

Because defendant was convicted by a jury, we state the facts in the light most favorable to the state to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). Officer Ables stopped defendant for riding her bicycle without a light. When Ables asked defendant her name, defendant replied "Kelly M. Dowling" and gave him a date of birth. Ables returned to his police car to run the name through his computer "for the purpose of issuing a citation and also to check for warrants." By so doing, Ables learned that there was an "aka" for the name "Kelly M. Dowling" with the date of birth that defendant had given him. That name was "Lynette Moresco," and the computer indicated there was an outstanding warrant for her arrest. Ables walked back to defendant and asked if her name was Lynette. Defendant said yes. Ables informed defendant that there was a warrant for her arrest, and defendant responded, "I know, that's why I lied."

At the close of the evidentiary portion of the trial, defendant moved for a judgment of acquittal, arguing that

"[t]his is charged as giving false information to a police officer for an arrest warrant. And at the time he asked for her name, he had specifically stopped her for a violation, a traffic violation. So when he asked her for the name and when she gave him a false name it was because he was investigating a traffic citation not—he didn't have any knowledge of the warrant at the time that he asked her for her name the first time and that's when arguably a false name could have been given."

The trial court denied defendant's motion, and she was convicted by the jury. This appeal followed.

On appeal, defendant argues that this case is controlled by our decision in *State v. Allen*, 222 Or App 71, 77, 191 P3d 762, *rev den*, 345 Or 503 (2008). Under *Allen*, defendant contends, for a person to violate ORS 162.385(1)(b) by giving a false identification to a police officer, the officer must have asked for the person's identification for the purpose of arresting her on a warrant. The evidence in this case, defendant argues, unequivocally showed that Ables was not aware of the warrant until *after* defendant had given him the false name. It follows, defendant concludes, that Ables's request for defendant's identification could not have been made for the purpose of arresting her on a warrant.

The state agrees with defendant's reading of *Allen*, but contends that the evidence in this record was sufficient for a rational trier of fact to conclude that Ables had asked for defendant's identification "[f]or a dual purpose. The officer testified that he requested her name '[f]or the purpose of issuing a citation and also to check for warrants.' " Accordingly, the state reasons, "a rational trier of fact could infer that defendant knew the officer intended to both run a check for warrants and arrest her on a warrant if one was outstanding." We disagree.

ORS 162.385(1)(b) provides:

"A person commits the crime of giving false information to a peace officer for issuance or service of a citation or for an arrest on a warrant if the person knowingly uses or gives a false or fictitious name, address or date of birth to any peace officer for the purpose of:

"* * * * *

"(b)   The officer's arresting the person on a warrant."

As we explained in *Allen*:

"To demonstrate that a defendant violated ORS 162.385, the state must show (1) that 'the person knowingly uses or gives a false or fictitious name, address or date of birth to any peace officer' and (2) that the officer asked for that information for the purpose of 'issuing or serving the person a citation' or 'arresting the person on a warrant.' "

222 Or App at 77. Here, it is undisputed that Ables was not aware of the warrant for defendant's arrest when he asked

for her identification; thus, Ables's request for defendant's identification could not have been "for the purpose of * * * arresting [defendant] on a warrant." ORS 162.385(1)(b). That *defendant* was aware of the warrant and that, based on that awareness, she chose to lie to Ables, is not sufficient to prove that *Ables* asked for her identification for the purpose of arresting her on the warrant.

The state's reliance on Ables's testimony that he requested defendant's identification "for the purpose of issuing a citation and also to check for warrants" is misplaced: ORS 162.385(1)(b) requires that an officer request the defendant's identification for the purpose of *arresting* the defendant on a warrant, not merely for the purpose of ascertaining whether a warrant exists.[1] Because the evidence in the record was insufficient to allow a rational trier of fact to find that Ables requested defendant's identification "for the purpose of * * * arresting [her] on [the] warrant," the trial court erred in denying her motion for judgment of acquittal.

Reversed.

---

[1] The state did not charge defendant with violating ORS 162.385(1)(a), which proscribes "giving a false or fictitious name * * * to any peace officer for the purpose of * * * issuing or serving the person a citation."