Argued and submitted June 23, conviction on Count 2 for giving false information to a peace officer reversed; remanded for resentencing; otherwise affirmed August 6, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANE M. CARDOSA-MARLOWE,
*Defendant-Appellant.*

Washington County Circuit Court
C121517CR; A152414

333 P3d 1078

Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Sarah M. Villanueva, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for one count each of failure to report as a sex offender, *former* ORS 181.599 (2011), *renumbered as* ORS 181.812 (2013); giving false information to a peace officer, ORS 162.385; and interfering with a peace officer, ORS 162.247. He assigns error to the trial court's denial of his motion for a judgment of acquittal on the charge of giving false information to a peace officer. Defendant argues that, because the evidence presented at trial establishes that the officer did not request defendant's information for the purpose of arresting him on a warrant, as required for a conviction under ORS 162.385(1)(b), he had to be acquitted of that charge. *See State v. Moresco*, 250 Or App 405, 408, 281 P3d 263 (2012) ("ORS 162.385(1)(b) requires that an officer request the defendant's identification for the purpose of *arresting* the defendant on a warrant, not merely for the purpose of ascertaining whether a warrant exists." (Emphasis in original.)); *State v. Allen*, 222 Or App 71, 77, 191 P3d 762, *rev den*, 345 Or 503 (2008) (same). The state contends that defendant did not preserve the claimed error on that charge; that the error is not susceptible to review as plain error; and, if it is, that we should not exercise our discretion to correct it.

We agree with defendant that the trial court erred and that the error is plain: At trial, the officer unequivocally testified that he requested defendant's information in order to check for outstanding warrants. As in *Moresco*, that request cannot have simultaneously been made for the purpose of arresting defendant on a warrant; accordingly, the state failed to present evidence sufficient to support defendant's conviction. And, for the reasons expressed in *State v. Reynolds*, 250 Or App 516, 522-27, 280 P3d 1046, *rev den*, 352 Or 666 (2012), we exercise our discretion to correct the error.

Conviction on Count 2 for giving false information to a peace officer reversed; remanded for resentencing; otherwise affirmed.