Argued and submitted February 25, in case number A152028, conviction on Count 2 reversed; remanded for resentencing; otherwise affirmed; in case number A152029, affirmed November 26, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASMINE DEMARKUS LUSK,
*Defendant-Appellant.*

Marion County Circuit Court
12C41821, 10C50297;
A152028 (Control), A152029

340 P3d 670

Stephanie J. Hortsch, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jake J. Hogue, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and De Muniz, Senior Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Defendant appeals a judgment of conviction for, among other offenses, giving false information to a peace officer for service of an arrest warrant, ORS 162.385(1)(b).[1] In a single assignment of error, defendant argues that the trial court erred when it failed to enter a judgment of acquittal on that charge, Count 2. Defendant contends that, because the evidence was insufficient to allow a rational trier of fact to find that the officer asked for defendant's identification for the purpose of arresting him on a warrant, as required for a conviction under ORS 162.385(1)(b), the trial court erred when it failed to acquit him. *See State v. Moresco*, 250 Or App 405, 408, 281 P3d 263 (2012) ("ORS 162.385(1)(b) requires that an officer request the defendant's identification for the purpose of *arresting* the defendant on a warrant, not merely for the purpose of ascertaining whether a warrant exists." (Emphasis in original.)); *State v. Allen*, 222 Or App 71, 77, 191 P3d 762, *rev den*, 345 Or 503 (2008) (same). Defendant concedes that he did not preserve that argument below, but argues that it is plain error and that we should exercise our discretion to correct it. Although the state agrees that the asserted error qualifies as plain error, it argues that we should not exercise our discretion to correct it. We choose to correct the error, reverse defendant's conviction on Count 2, and remand for resentencing; we otherwise affirm.

We agree with the parties that the trial court erred and that the error is plain. By a grand jury indictment, the state charged defendant with giving false information to a peace officer under ORS 162.385. That statute provides, in pertinent part:

"(1) A person commits the crime of giving false information to a peace officer for issuance or service of a citation or for an arrest on a warrant if the person knowingly uses or gives a false or fictitious name * * * to any peace officer for the purpose of:

---

[1] This is a consolidated appeal in which defendant also appeals a judgment convicting him of delivery of marijuana for consideration, ORS 475.860(2). Because defendant does not advance any assignment of error related to that judgment in A152029, we affirm. Nor does he challenge his convictions in A152028, including for one felony count, other than his conviction for Count 2, giving false information to a peace officer.

"(a) The officer's issuing or serving the person a citation under authority of ORS 133.055 to 133.076 or ORS chapter 153; or

"(b) The officer's arresting the person on a warrant."

In the indictment, the state alleged that defendant had violated subsection (1)(b) when he "did unlawfully and knowingly use and give to a peace officer a false name for the purpose of the officer's arresting defendant on an arrest warrant." The state did not allege that defendant violated subsection (1)(a). To prove that defendant violated ORS 162.385(1)(b), the state had to establish that "the officer asked for that information for the purpose of * * * 'arresting the person on a warrant.'" *Allen*, 222 Or App at 77. Furthermore, the officer must have been aware of the outstanding warrant when the officer asked the defendant for the identifying information. *Moresco*, 250 Or App at 408.

Here, there was no evidence at trial that the officer had asked for defendant's identification for the purpose of arresting him on a warrant. To the contrary, the officer testified unequivocally that he had requested defendant's driver's license after stopping defendant for driving a car with overly tinted windows, a traffic violation. When the officer requested defendant's identification, the officer did not know who defendant was or whether he had any outstanding warrants. Indeed, the officer did not learn about defendant's true identity or his outstanding warrants until dispatch provided him with that information some time after he had requested defendant's identification. Accordingly, the evidence failed to support a conviction, and the trial court plainly erred when it entered a conviction on that charge. *See State v. Cardosa-Marlowe*, 264 Or App 576, 577, 333 P3d 1078 (2014) (holding that the trial court plainly erred in denying the defendant's motion for judgment of acquittal because the state failed to present evidence sufficient to support the defendant's conviction under ORS 162.385(1)(b)).

We must decide, however, whether this is an appropriate case for us to exercise our discretion to correct that error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). Among the factors that we consider in deciding whether to exercise our discretion are

"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Id.* at 382 n 6. Since its decision in *Ailes*, the Oregon Supreme Court has identified several additional considerations that may be relevant, including whether the defendant encouraged the trial court to make the error; whether the defendant made a strategic choice not to object; and whether the trial court could have corrected the error if the defendant had raised it below. *State v. Reynolds*, 250 Or App 516, 521, 280 P3d 1046, *rev den*, 352 Or 666 (2012) (citing *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007)).

We note, as we did in *Reynolds*, that we have often declined to exercise our discretion to correct a plain error when the defendant failed to move for a judgment of acquittal, or made such a motion but failed to specify its theory. "That is because the trial court has not, consistently with the purposes of preservation, been apprised of the issue and given an opportunity to avoid the error by allowing supplemental evidence to be introduced." *Reynolds*, 250 Or App at 521. That is not to say, however, that we cannot exercise our discretion to correct such an error if we conclude that there are sound reasons to do so. *See id.* (concluding that it was appropriate to exercise discretion to correct plain error relating to sufficiency of the evidence despite the fact that the defendant failed to preserve the error when he only made a general motion for judgment of acquittal); *accord State v. Hockersmith*, 181 Or App 554, 557-58, 47 P3d 61 (2002) (stating that an unpreserved challenge to the sufficiency of the evidence may be raised on appeal and that we may, in our discretion, consider the unpreserved assignment of error if it qualifies as plain error). In this case, we conclude that there are sound reasons to exercise our discretion to correct the error, despite the fact that defendant did not make the appropriate motion below.

Several factors weigh in favor of our exercise of our discretion to correct the error. First, we consider the gravity of the error and the interests of the parties. The gravity of the error in this case is apparent: defendant stands convicted of a crime that the state failed to prove by sufficient evidence. As we noted in *Reynolds*, such an error "is of constitutional magnitude," because, as the United States Supreme Court has recognized, "'the due process guaranteed by the Fourteenth Amendment [mandates] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof[.]'" *Reynolds*, 250 Or App at 522 (quoting *Jackson v. Virginia*, 443 US 307, 316, 99 S Ct 2781, 61 L Ed 2d 560, *reh'g den*, 444 US 890 (1979)). Moreover, defendant "has a strong interest in having a criminal record that accurately reflects the nature and extent of [his] conduct." *Reynolds*, 250 Or App at 522, and the state has no interest in upholding an erroneous conviction, *id.* at 524. *See also State v. Link*, 346 Or 187, 199, 208 P3d 936 (2009) ("If the state does not produce facts necessary to sustain a verdict of guilty, then the defendant is entitled to a judgment of acquittal and to have the public record reflect that judgment.").

Second, we conclude that, on the facts of this case, correcting the error would not undermine the policies behind the preservation rule, *i.e.*, "procedural fairness to the parties and the trial court, judicial economy, and full development of the record." *State v. Parkins*, 346 Or 333, 340, 211 P3d 262 (2009); *id.* at 341 ("Ultimately, the preservation rule is a practical one, and close calls—like this one—inevitably will turn on whether, given the particular record of a case, the court concludes that the policies underlying the rule have been sufficiently served."). Beyond conceding that the evidence was insufficient to support a conviction on the charged offense, the state does not contend that, had defendant raised the issue at trial, it could have reopened its case and put on evidence sufficient to sustain a conviction for that crime. Nor could the state do so given the undisputed fact that the officer was unaware of the warrant for defendant's arrest when asking defendant for identification.

We reject the state's argument that the procedural fairness policy of the preservation rule would be undermined

if we corrected the error, because, had defendant raised the error below, it could have moved to amend the indictment to state the correct charge under ORS 162.385(1)(a). The state cites *State v. Kuznetsov*, 345 Or 479, 199 P3d 311 (2008), to support the major premise of its argument. *Kuznetsov,* however, is not on point. There, the state had charged the defendant with a misdemeanor in an information. On the day of trial, the state moved to file an amended information after determining that the original information contained a potential defect. The trial court granted the motion. On appeal, the defendant argued, among other things, that the Oregon Constitution precluded the trial court from allowing a substantive amendment to an information. The Supreme Court disagreed and held that "there is no constitutional impediment to a district attorney filing, and a trial court allowing, a substantive amendment to a misdemeanor information." *Kuznetsov*, 345 Or at 485.

Here, in contrast, the state charged defendant with a misdemeanor by grand jury indictment. *Kuznetsov* did not address whether a trial court is authorized to allow the state to make a substantive amendment to an indictment charging a misdemeanor. The state has not presented us with any other source of authority to support its position, nor is its position consistent with Oregon case law, specifically, *State v. Burnett*, 185 Or App 409, 417, 60 P3d 547 (2002).

The procedural posture of *Burnett* is, in relevant respects, the same as the one presented in this case. The defendant was charged in *Burnett* by grand jury indictment with both a felony count and a misdemeanor count of fleeing or attempting to elude a police officer under ORS 811.540. 185 Or App at 411-12. A jury found the defendant guilty of both counts, and the trial court denied the defendant's motion in arrest of judgment based on the failure of the indictment to state facts constituting an offense. He appealed his convictions, arguing that the indictment was fatally defective and that the trial court erred in denying his motion. *Id.* at 413. We agreed with the defendant that the two counts of the indictment did not include an essential term of the charged crime. *Id.* at 415. As to the misdemeanor count, the state argued, as the state does here, that had the

defendant raised the defect before trial, the prosecutor could have simply added the missing allegation to the indictment and would have had no obligation to resubmit the charge to the grand jury. *Id.* at 417. We rejected that argument:

> "It is true that the state did not have to present its misdemeanor charge to the grand jury initially. However, it chose to do so, and we are not aware of any authority, nor does the state point us to any, that allows the amendment of an indictment in any manner short of re-presenting it to the grand jury or, alternatively, in the case of a misdemeanor, presenting the case by way of an information."

*Id.*

Therefore, under *Burnett*, the state in this case would not have been permitted to amend the indictment to state the correct charge had defendant raised the issue below. Had defendant moved for a judgment of acquittal, the trial court would have had to grant it under *Moresco* and *Allen*, and the state would not have been able to amend the indictment at trial. Accordingly, defendant receives no improper benefit by our correction of the error. We therefore reject the state's contention that the policies of the preservation rule would be thwarted by our correction of the error in this case.

Furthermore, we cannot discern any plausible strategic reason for defendant to have failed to make his argument below, nor does it appear that defendant encouraged the error in this case. On balance, we conclude that the gravity of the error, the interests of the parties, as well as our conclusion that other policies underlying the preservation rule would not be undermined by our correction of the error, weigh in favor of our correction of defendant's unpreserved error. We note that our decision to exercise our discretion to correct the error in this case is consistent with our recent decision in *Cardosa-Marlowe*, 264 Or App 576 (concluding that, in a case in which the defendant was charged with giving false information to a peace officer under ORS 162.385(1)(b) and the state failed to present evidence that the officer had requested the defendant's information for the purpose of arresting him on an outstanding warrant, it was plain error not to acquit defendant of that count and it was

an appropriate case in which to exercise our discretion to correct the error).

        In case number A152028, conviction on Count 2 reversed; remanded for resentencing; otherwise affirmed. In case number A152029, affirmed.