Submitted June 25, conviction for first-degree criminal mischief on Count 9 reversed and remanded for entry of the lesser-included offense of second-degree criminal mischief, remanded for resentencing, otherwise affirmed August 12, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES MICHAEL WIGGINS,
*Defendant-Appellant.*

Douglas County Circuit Court
13CR0858FE; A154895

358 P3d 318

Peter Gartlan, Chief Defender, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael A. Casper, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

DUNCAN, P. J.

## DUNCAN, P. J.

Defendant appeals a judgment of conviction for, among other things, first-degree criminal mischief, arguing that the charge never should have been submitted to the jury after the prosecutor conceded the insufficiency of the state's proof. We agree with defendant and reverse and remand for entry of judgment on the lesser-included offense of second-degree criminal mischief.

Defendant was charged with multiple offenses, including two counts of first-degree criminal mischief, after an incident in which defendant and his girlfriend stole a truck. The counts of criminal mischief were based on damage to a gate that defendant drove through (Count 8) and damage to the truck (Count 9). *See* ORS 164.365(1)(A)(a) (defining the crime of first-degree criminal mischief to include intentionally damaging property of another "[i]n an amount exceeding $1,000"). With regard to Count 9, defendant had caused approximately $420 in damage to the front end of the truck while crashing it through the gate and by breaking one of the truck's windows during a dispute with his girlfriend. Defendant's girlfriend also wrote on the interior of the truck with a "paint pen," causing approximately $700 in damage.

At the close of the state's case, defendant moved for a judgment of acquittal with regard to Count 9, on the ground that the state failed to prove that he intentionally caused more than $1,000 in damage to the truck, because defendant was not liable for the $700 caused by his girlfriend and he was, at most, reckless with regard to the damage caused to the window. The prosecutor conceded that the state had failed to prove first-degree criminal mischief, but asked that the charge be submitted to the jury as the lesser-included crime of second-degree criminal mischief. Based on the state's concession, the trial court orally granted defendant's motion for a judgment of acquittal "in part."

After the close of the evidence, both parties asked the court to instruct the jury on the lesser-included offense of second-degree criminal mischief as to Count 9. A person commits second-degree criminal mischief if "the person intentionally damages property of another, or, the person recklessly damages property of another in an amount

exceeding $500." ORS 164.354(1)(b). Because there was evidence of intentional damage to the truck (driving through the gate) and reckless damage (breaking the window), the state specifically elected to proceed on a theory of *intentional* damage. During his closing argument, the prosecutor explained:

> "The Judge is going to instruct you on Criminal Mischief in the Second Degree. It's a lesser-included. And the State agrees that that is appropriate given the testimony that we had about the damage to the vehicle.

> "And what [defendant] did intentionally damage on that vehicle again was the front, and that comes from crashing through the front gate which we've already talked about was clearly intentional, so any damage that was done to the truck as a result of that was also intentional damage."

Despite the earlier ruling on the motion for a judgment of acquittal and the prosecutor's concession, the court instructed the jury on first-degree criminal mischief with regard to Count 9. And, further confusing matters, the court instructed the jury on a theory of *reckless* rather than intentional damage for the lesser-included offense of second-degree criminal mischief. The jury ultimately returned a guilty verdict for first-degree criminal mischief on Count 9.

On appeal, defendant argues that the trial court should have granted the motion for a judgment of acquittal on first-degree criminal mischief rather than actually submitting that count to the jury. He further argues that the evidence was legally insufficient to prove *any* degree of criminal mischief, so the proper remedy is to reverse and remand for entry of a judgment of acquittal on Count 9. The state, in response, concedes that the trial court erred in submitting Count 9 to the jury on a charge of first-degree criminal mischief, but it argues that the proper remedy is to remand for entry of a conviction for second-degree criminal mischief.

We agree with and accept the state's concession that the trial court erred in submitting the charge of first-degree criminal mischief to the jury. The state, as defendant and the prosecutor agreed, had failed to present sufficient evidence to support a conviction on that charge, which required evidence of $1,000 in intentional damage to the truck.

We further conclude that the state has the better argument regarding the proper disposition as a result of that error. Contrary to defendant's argument, there was evidence from which a jury could have found that defendant intentionally damaged the truck by crashing it into the gate; the prosecutor explicitly advanced that theory to the jury; and the jury ultimately found that defendant had intentionally damaged the truck. Under the circumstances, the proper remedy is to remand for entry of the lesser-included offense of second-degree criminal mischief. *See State v. Touchstone*, 188 Or App 45, 48, 71 P3d 536 (2003) (remanding for entry of a judgment of conviction for a lesser-included offense where "no question concerning sufficiency of the evidence [on the lesser-included] is present").

Conviction for first-degree criminal mischief on Count 9 reversed and remanded for entry of the lesser-included offense of second-degree criminal mischief; remanded for resentencing; otherwise affirmed.