Argued and submitted August 20, 2014, conviction for interfering with a peace officer reversed, remanded for resentencing, otherwise affirmed September 30, 2015, petition for review dismissed May 5, 2016 (359 Or 626)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS ODELL ADAMS,
*Defendant-Appellant.*

Lane County Circuit Court
201209401; A152382

359 P3d 1259

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Matthew J. Lysne, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael J. Slauson, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Egan, Judge, and Edmonds, Senior Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for, among other things, interfering with a peace officer, ORS 162.247.[1] Defendant contends that the trial court erred by entering a judgment of conviction for that crime because no reasonable factfinder could find that defendant had prevented a peace officer from performing his duties with regard to another person, as alleged in the indictment. Defendant concedes that he did not preserve his contention below but asserts that the error is plain and that we should exercise our discretion to correct it. We agree with defendant that the trial court plainly erred in convicting him of interfering with a peace officer, and we exercise our discretion to correct the error. Defendant raises additional assignments of error that we reject without further discussion. Accordingly, we reverse defendant's conviction for interfering with a peace officer.

The facts are uncontested. Springfield Police Officer Newton was on patrol around 1:00 a.m. when he saw the driver of a pickup make a turn without signaling. Newton followed the pickup, which he then saw turn at a red light without stopping at the light. Newton responded by turning on his patrol car's overhead lights to make a traffic stop. The pickup stopped in the lane in which it was traveling and did not move to the shoulder of the road. After Newton stopped his patrol car behind the pickup, the pickup backed forcefully into the patrol car and then sped off. The crash disabled the patrol car's siren, but the overhead lights continued to work. Newton chased the pickup, which he followed into a residential area. Defendant turned the pickup into a driveway, jumped out of it, and began running. Newton got out of his car to pursue defendant on foot, yelling "Stop! Police!"

---

[1] ORS 162.247 provides, as relevant:

"(1) A person commits the crime of interfering with a peace officer or parole and probation officer if the person, knowing that another person is a peace officer or a parole and probation officer as defined in ORS 181.610:

"(a) Intentionally acts in a manner that prevents, or attempts to prevent, a peace officer or parole and probation officer from performing the lawful duties of the officer with regards to another person; or

"(b) Refuses to obey a lawful order by the peace officer or parole and probation officer."

Defendant did not comply with Newton's order and hid under a bush, from which he was extricated and arrested.

The state charged defendant by indictment with, among other things, interfering with a peace officer. The indictment alleged that defendant had committed the crime by intentionally preventing or attempting to prevent Newton "from performing [Newton's] lawful duties with regard to another person." In other words, the indictment charged defendant with interfering with a peace officer under ORS 162.247(1)(a), which prohibits acting in a manner that "prevents or attempts to prevent" a peace officer "from performing the lawful duties of the officer with regards to another person," rather than under ORS 162.247(1)(b), which prohibits a person from "refus[ing] to obey" a peace officer's lawful order.

The case went to trial. The state told the jury in closing that it should convict defendant of interfering with a peace officer because defendant had refused to obey Newton's order to stop running. However, the trial court instructed the jury that it could convict defendant of interfering with a peace officer only if it determined that defendant had prevented Newton from performing the duties of a peace officer with regard to another person, that is, on the ground alleged in the indictment and not on the ground that defendant had refused to obey a lawful order. The jury found defendant guilty of interfering with a peace officer, and the trial court entered a judgment of conviction for that offense, which defendant appeals.

Defendant contends on appeal that the trial court erred by entering a judgment of conviction for interfering with a peace officer because no reasonable factfinder could find from the evidence that defendant prevented Newton from performing his duties with regard to another person, as alleged in the indictment. Defendant concedes that he failed to preserve the error at trial but contends that the error is plain and that we should exercise our discretion to correct it. The state responds that the error is not plain, and, even if it is, we should not exercise our discretion to correct it.

We begin with whether the trial court plainly erred by entering a judgment of conviction for interfering with a

peace officer. When, as here, a claim of error is unpreserved, we will address the error only if (1) the error is one of law, (2) the point of law is obvious, and (3) the error is not one that requires us to go outside the record or to select among competing inferences to resolve it. *State v. Lotches*, 331 Or 455, 472, 17 P3d 1045 (2000). Here, the state's sole contention against plain error review is that the error is not obvious. In its view, a reasonable factfinder could find that defendant interfered with Newton's duty to perform his duties with regard to another person when defendant disabled the patrol car's siren, which prevented Newton from performing his duty under ORS 820.300(2) to drive his patrol car safely—a duty owed to the public. Consequently, the trial court did not obviously err in entering a judgment of conviction for the crime.

The state's contention is not well taken. To convict defendant of interfering with a peace officer, the jury had to find that defendant rammed Newton's car with the conscious objective of preventing Newton from performing his duties toward another person. *See* ORS 161.085(7) ("'Intentionally' * * * means that a person acts with a conscious objective to cause the result * * *."). There is no evidence in the record to support such a finding. Defendant was driving on a road late at night when Newton initiated a traffic stop. Defendant responded by ramming his pickup into Newton's patrol car before trying to abscond. A reasonable factfinder could infer from those facts that defendant rammed Newton's car to prevent Newton from pursuing him as he drove away. In contrast, there is no fact in evidence from which a reasonable factfinder could infer that defendant rammed Newton's patrol car to prevent Newton from performing his duties with regard to another person. Accordingly, the evidence did not support a conviction on the charge of interfering with a peace officer as alleged in the indictment, and the trial court plainly erred by entering a judgment of conviction on the charge.

We turn to whether we should exercise our discretion to correct the error. The state opposes our doing that on the ground that it would undermine the policies behind preservation—*viz.*, procedural fairness to the parties and the trial court, judicial economy, and full development of the

record. *See, e.g., State v. Reynolds,* 250 Or App 516, 521-26, 280 P3d 1046, *rev den,* 352 Or 666 (2012) (discussing exercise of discretion to reverse conviction when defendant effectively failed to move for judgment of acquittal). Specifically, the state contends that it would be unfair to the state to correct the error on appeal because, had defendant raised the issue at trial, the state could have amended the indictment to allege that defendant had committed the crime by refusing to obey a lawful order.

The state made an equivalent argument in *State v. Lusk,* 267 Or App 208, 340 P3d 670 (2014). In *Lusk,* the state charged the defendant by indictment with giving false information to a peace officer in violation of ORS 162.385(1)(b).[2] The evidence presented at trial was insufficient to sustain a conviction under ORS 162.385(1)(b), but defendant did not raise that issue at trial. The parties agreed on appeal that the trial court had plainly erred in entering a conviction for the crime. The state contended, however, that we should not exercise our discretion to correct the error for the same reason that it does here—*viz.,* that the state could have amended the indictment to allege the correct charge if the defendant had raised the issue at trial. We rejected the state's contention, noting that, under our case law, the state "would not have been permitted to amend the indictment to state the correct charge had defendant raised the issue below." 267 Or App at 215. Ultimately, after noting that the error was grave and that the state had no interest in preserving an erroneous conviction, we exercised our discretion to correct the error. This case is materially indistinguishable from *Lusk.* We therefore conclude that *Lusk* controls, and, accordingly, we exercise our discretion to correct the error.

Conviction for interfering with a peace officer reversed; remanded for resentencing; otherwise affirmed.

___

[2] ORS 162.385(1)(b) provides:

"A person commits the crime of giving false information to a peace officer *** for an arrest on a warrant if the person knowingly uses or gives a false or fictitious name, address or date of birth to any peace officer for the purpose of:

"* * * * *

"(b) The officer's arresting the person on a warrant."