Submitted February 9, affirmed March 10, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARIO MORALES, JR,
aka Mario C. Morales, Jr.,
aka Mario Morales Junior,
*Defendant-Appellant.*

Umatilla County Circuit Court
19CR3148; A171443

482 P3d 819

Jon S. Lieuallen, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant pleaded guilty to first-degree criminal trespass, ORS 164.255, and unlawful possession of methamphetamine, ORS 475.894, and was found guilty of first-degree criminal mischief, ORS 164.365, by the trial court after a stipulated facts trial. He appeals the judgment of conviction for criminal mischief, raising two assignments of error. We reject his second assignment of error without discussion and write only to address his first assignment, in which he contends that he should have been acquitted on the criminal mischief charge because there was insufficient evidence that he had the required culpable mental state as to the amount of damages. We affirm.

The facts supporting the criminal mischief charge are that defendant kicked open the back door of the victims' house, causing damage to the door and door frame, which the victims paid $1,045 to repair. "A person commits the crime of criminal mischief in the first degree who, with intent to damage property, and having no right to do so *** [d]amages or destroys property of another *** [i]n an amount exceeding $1,000." ORS 164.365(1)(a)(A). Defendant argues that the trial court erred in finding him guilty, because, he contends, the state was required to prove that he had at least a criminally negligent mental state as to how expensive the damages would be to repair.

In response, the state asserts that it was not required to prove that defendant acted with any culpable mental state with respect to the amount of damages he was causing. The state relies on *State v. Jones*, 223 Or App 611, 196 P3d 97 (2008), *rev den*, 345 Or 618 (2009), and argues that defendant's argument is one that we previously considered and rejected in the analogous context of the crime of theft. We agree.

In *Jones*, the dispositive question was "whether the material element in ORS 164.055(1)(a) that the total value of the stolen property must be $750 or more necessarily requires a culpable mental state." *Id.* at 619. We stated that that statute did "not require a thief to know the value of stolen property" and concluded that "the legislature did not intend to require the state to prove a defendant's intent to

steal property worth at least $750 in order to convict him of first-degree theft." *Id*. at 619, 621.

Recently, in *State v. Stowell*, 304 Or App 1, 12, 466 P3d 1009 (2020), we referred to *Jones* and rejected the argument that the damage element of the first-degree theft statute requires proof of a criminally negligent mental state. We explained:

> "The mental state prescribed in ORS 164.055 and ORS 164.015 is 'intentional.' In *Jones*, we concluded that the value of the property stolen was not an element that 'necessarily requires a culpable mental state.' ORS 161.115(1). Given the strictures of ORS 161.115(1), our conclusion in *Jones* did not leave open the possibility that a mental state of less than 'intentional' might be required as to value of the stolen property."

*Stowell,* 304 Or App at 12. We concluded that the trial court did not err in refusing to give the defendant's proposed "negligently aware" instruction for first-degree theft. *Id*.

Under the reasoning in *Jones* and *Stowell*, as applied to the first-degree criminal mischief statute here, ORS 164.365(1)(a)(A), defendant's argument is unavailing. Although a particular culpable mental state is required for the conduct, no culpable mental state is required with respect to the amount of damages to the property that was damaged or destroyed.

Affirmed.