Argued and submitted March 23; conviction on Count 2 reversed and remanded, remanded for resentencing, otherwise affirmed May 25, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRENDEN KYLE WATERMAN,
*Defendant-Appellant.*

Lane County Circuit Court
19CR55096; A174309

511 P3d 78

Defendant appeals a judgment convicting him of, among other things, criminal mischief in the first-degree, ORS 164.365. Defendant and his associates caused substantial damage to the victim's car, previously valued at around $5,000 to $7,000, totaling it. Defendant contributed to that damage by breaking the driver's side window and denting the driver's side door. On appeal, defendant challenges his conviction for criminal mischief, contending that the evidence is insufficient to support it and, alternatively, that the trial court's instructions to the jury were legally erroneous because they did not require the jury to find that defendant himself caused $1,000 or more in damage and because they did not include a required culpable mental state. *Held*: The first assignment of error was unpreserved. In view of the text of ORS 164.365(1)(a)(A) and the case law, the trial court erred when it did not instruct the jury that it had to find that defendant caused $1,000 or more in damage to the car. That error was not harmless. Additionally, the trial court plainly erred when it did not instruct the jury that it had to find that defendant acted with a culpable mental state with respect to the value of the property damaged on the first-degree criminal mischief charge under ORS 164.365(1)(a)(A).

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

Debra E. Velure, Judge.

Andrew D. Robinson, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and Kistler, Senior Judge.

LAGESEN, C. J.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

## LAGESEN, C. J.

Defendant and some associates attacked a man in downtown Eugene. The victim in this case, B, tried to get them to stop by driving toward them in his car. Defendant responded by stabbing B's driver's side window with a large knife until it broke and denting the driver's side door by kicking it. Defendant's associates caused additional damage to the car, previously valued at around $5,000 to $7,000, totaling it.

For that conduct, defendant was charged with one count of unlawful use of a weapon, ORS 166.220 (Count 1); one count of criminal mischief in the first-degree, ORS 164.365 (Count 2); and one count of menacing, ORS 163.190 (Count 3). A jury found defendant guilty as charged. On appeal, defendant challenges only his conviction for criminal mischief, contending that the evidence is insufficient to support it and, alternatively, that the trial court's instructions to the jury were legally erroneous in two respects. We agree that the instructions were erroneous and reverse and remand for that reason.

The evidence at trial revealed the following. The victim, B, provided ridesharing services. He was using a car he had purchased two weeks earlier for between $5,000 and $7,000. While sitting in the car in downtown Eugene, B saw three people attack a fourth person about 60 feet in front of him. To disrupt the assault, B honked his horn, blinked his lights, and, ultimately, drove toward the group. The attackers then attacked B's car. Defendant, in particular, stabbed the driver's side window with a knife about 30 times until he broke it and also dented the driver's side door. The other attackers broke other windows, the headlight assembly, and the grill assembly of B's car. As a result of all the damage, the car was "totaled out."

For his part in the attack on B and his car, defendant was charged with unlawful use of a weapon, first-degree criminal mischief, and menacing. After the state presented its case, the defense rested without moving for a judgment of acquittal or putting on any evidence and the trial court instructed the jury. With respect to the charge of

criminal mischief, the court instructed the jury that it had to find:

> "One, the act occurred on or about August 20, 2019.
>
> "Two, [defendant] intentionally damaged a motor vehicle of [B].
>
> "Three, [defendant] had no right, nor reasonable ground to believe, that he had such right to damage the property.
>
> "And, four, the property was damaged in excess of $1,000."

In closing arguments, defendant did not contest the amount of damage he was alleged to have caused to the car. Instead, defendant's defense was largely one of mistaken identity—that everything had happened so fast and in a confusing way that B was mistaken about it being defendant who stabbed through his driver's side window.

Not long after it started deliberating, the jury sent out a question about the criminal-mischief charge:

> "So to find the Defendant guilty of a crime of criminal mischief in the first degree, does the Defendant need to have caused $1,000 or more damage by himself, or just as part of a group that caused more than a [*sic*] $1,000 in damage."

In response to the question, the state took the position that defendant could be liable if the damage caused by the group exceeded $1,000 and that the existing instruction was sufficient because it would allow for the jury to convict based on a finding that the defendant "as part of a group caused more than a [*sic*] $1,000 in damage." Defendant took the position that the state needed to show that defendant himself caused damage in excess of $1,000 and "that the answer to [the jury's question], would be that they have to prove—the State has to prove [defendant] did $1,000 or more, worth of damage." The trial court took the approach advocated by the state and instructed the jury:

> "The injury instructions you have been given are legally sufficient for you to reach your verdict on the charge of criminal mischief in the first-degree."

When asked for the defense position on that instruction, defense counsel responded that she had nothing to add "than what I already put on the record."

The jury, as noted, found defendant guilty as charged.

On appeal, defendant raises three assignments of error. In the first assignment of error, defendant asserts that there is insufficient evidence that the damage he did to the victim's car—breaking the window and denting the door— was $1,000 or more. In the second assignment of error, he asserts that the court erred when it did not instruct the jury that it had to find that defendant himself caused $1,000 or more in damage to the car. In the third assignment of error, defendant asserts that the trial court plainly erred when it failed to instruct the jury "that defendant committed the criminal mischief charge in Count 2 only if he was criminally negligent with respect to the fact that the amount of the damage exceeded $1,000."

We reject the first assignment as unpreserved. Defendant did not move for a judgment of acquittal or otherwise challenge the sufficiency of the evidence below. Although defendant argues that we should exercise our discretion to review for, and correct, what defendant contends is a plain error, we decline to do so. As we have explained, although we sometimes correct an issue of evidentiary sufficiency as plain error, "we have often declined to exercise our discretion to correct a plain error when the defendant failed to move for a judgment of acquittal[.]" *State v. Lusk*, 267 Or App 208, 212, 340 P3d 670 (2014). That is mainly because a defendant's failure to challenge the sufficiency of the evidence in the trial court deprives the state of an opportunity to correct any deficiency in the evidence. *Id*. And in this instance, there is good reason to think that, if defendant had raised the issue below, the state might have been able to present a more calibrated valuation of the damage that defendant caused to the window and the door. The total damage to the car was between $5,000 and $7,000, and defendant's actions alone caused substantial damage by breaking a window and denting a door, making it at least somewhat likely that the portion of the total damages caused by defendant's own conduct exceeded $1,000. Under those circumstances, the equities weigh against the exercise of our discretion to correct any plain error.

In the second assignment of error, defendant contends that the trial court erred when it did not instruct the jury that, to convict him of first-degree criminal mischief, it had to find that the damage caused by defendant himself exceeded $1,000. Although the state asserts that defendant did not preserve the assigned error, we disagree. In our view, defendant preserved the assigned error when he told the trial court that he thought the answer to the jury's question was that the state had to prove that defendant did more than $1,000 in damage.

As for the merits, we agree with defendant that the court erred when it did not answer the jury's question with an instruction that communicated to the jury that it had to find that defendant caused more than $1,000 in damage to B's car. As the state acknowledged below, the instruction delivered by the trial court would have permitted the jury to find defendant guilty of first-degree criminal mischief based on a finding that the total amount of damage cause by the group he was with exceeded $1,000. But to convict a defendant of first-degree criminal mischief as a principal,[1] on the ground that the defendant caused damage to property in excess of a certain amount, the state must identify the particular damage caused by the defendant and show that that damage is in excess of $1,000. That follows from the plain terms of the statute, which provide that the state must prove, in addition to other elements, that the defendant "[d]amage[d] or destroy[ed] property of another *** [i]n an amount exceeding $1,000[.]" ORS 164.365(1)(a)(A). Those words mean that the state must prove that the damage or destruction caused by the individual defendant must be more than $1,000. *See State v. Washburn*, 53 Or App 258, 261-62, 631 P2d 827, *adh'd to as modified on recons*, 54 Or App 64, 633 P2d 1321 (1981) (concluding that evidence was insufficient to support the defendant's conviction for first-degree criminal mischief for stripping bark from 28 chittamwood trees, where state failed to present evidence allowing for the meaningful valuation of the damages caused by that conduct).

---

[1] The state did not seek to hold defendant liable as an accomplice to the other people who damaged B's car.

*State v. Wiggins*, 272 Or App 748, 358 P3d 318 (2015), is illustrative. There, we accepted the state's concession that the trial court erred in submitting a charge of first-degree criminal mischief to the jury where the defendant and his girlfriend together caused more than $1,000 in damage to a truck that they stole. *Id*. at 750. In that case, the defendant had damaged the truck's front end and broken a window, thereby causing about $420 in damage. *Id*. Defendant's girlfriend wrote on the interior of the car using a paint pen, causing an additional $700 in damage. *Id*. On appeal, we explained that the charge of first-degree criminal mischief under ORS 164.365(1)(a)(A) "required evidence of $1,000 in intentional damage to the truck," a standard not met by evidence that the defendant's own conduct resulted in only $420 in damages to the truck. *Id*.

In view of the statutory terms and the case law, the trial court erred when it did not instruct the jury, as requested by defendant, that defendant caused $1,000 or more in damage to the car. The remaining question is whether the error requires reversal. An instructional error is not harmless if the verdict could have been based on an erroneous theory of liability as a result of the instructional error. *See State v. Lopez-Minjarez*, 350 Or 576, 585, 260 P3d 439 (2011).

This error was not harmless because there is some likelihood that the jury found defendant guilty based on damages to the car caused by people other than defendant, without finding, as it was required to find, that defendant's own conduct caused the requisite amount of damages. As the state correctly acknowledged in the trial court, the instructions, as delivered to the jury and on this record, would allow the jury to convict defendant of first-degree criminal mischief for taking part in a group that, collectively, caused damages in excess of $1,000 even if defendant's own conduct damaged property in an amount less than $1,000.

Finally, in the third assignment of error, defendant asserts that the trial court plainly erred when it did not instruct the jury that it had to find that defendant was criminally negligent with respect to the value of the property that he damaged. Although we are reversing and

remanding on the second assignment of error, we reach the question because it may arise on remand and because the case law in this area has been developing rapidly of late.

In light of recent cases on the law of culpable mental states, we conclude that the trial court plainly erred when it did not instruct the jury that it had to find that defendant acted with a culpable mental state with respect to the value of the property damaged on the first-degree criminal mischief charge under ORS 164.365(1)(a)(A). *State v. Owen*, 369 Or 288, 505 P3d 953 (2022); *State v. Pendergraft*, 318 Or App 433, 505 P3d 1097 (2022); *State v. Prophet*, 318 Or App 330, 507 P3d 735 (2022). Although defendant argues that the applicable culpable mental state is criminal negligence, we do not decide today whether that is correct because neither party has engaged in the statutory construction analysis required to determine what particular culpable mental state the legislature intended would apply to the damage-value element of first-degree criminal mischief. The parties may develop their arguments on that point on remand, should the state elect to re-try defendant on the charge of first-degree criminal mischief.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.