No. 43　　January 23, 2025　　457

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICHOLAS CHARLES JOHNSON,
*Defendant-Appellant.*

Curry County Circuit Court
21CR15827; A178176

Cynthia Lynnae Beaman, Judge.

Argued and submitted March 8, 2024.

Daniel C. Silberman, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Lagesen, Judge, and Pagán, Judge.

PAGÁN, J.

Reversed and remanded.

**PAGÁN, J.**

Defendant appeals a conviction for first-degree criminal mischief, ORS 164.365, arising from an incident in which defendant allegedly smashed a rock into the window of a car. Defendant raises five assignments of error; however, our resolution of the first two assignments obviates the need to reach the other three. In his first and second assignments, defendant contends that the trial court erred when it failed to instruct the jury that a culpable mental state applied to the value element of the criminal mischief charge. Although defendant did not preserve the issue, the law has recently and rapidly changed in this area, and we accept the state's concession that the failure to instruct the jury was plain error. We further exercise our discretion to address the plain error, and additionally conclude that the error was not harmless. We conclude that the trial court plainly erred by failing to instruct the jury on a mental state for the value element, which violated defendant's right to have each material element of the crime tried to the jury, and thus we reverse and remand.

## I. BACKGROUND

A trial court has an obligation to instruct the jury on "all matters necessary for its information in giving its verdict." ORCP 59 B; *State v. Wiltse*, 373 Or 1, 4, 559 P3d 380 (2024) (noting trial court's obligation under ORCP 59 B, made applicable to criminal actions by ORS 136.330(1), to correctly instruct jury on necessary law). We review jury instructions for errors of law. *State v. Prophet*, 318 Or App 330, 332, 507 P3d 735, *rev den*, 370 Or 472 (2022). "A trial court commits reversible error when it incorrectly instructs the jury on a material element of a claim or defense and that instructional error permits the jury to reach a legally erroneous result." *Id*. (citing *State v. Harper*, 296 Or App 125, 126, 436 P3d 44 (2019)).

To provide relevant background for how the charges against defendant arose, we summarize some of the evidence presented at trial. In 2020, H was driving his 2019 Jeep on a two-lane highway when he pulled off to the side of the road on "a large apron" to let faster drivers overtake

him. The apron was adjacent to the driveway to defendant's house, and defendant came out to tell H to get off his property. Defendant then walked behind H's Jeep to take pictures. As defendant was behind the Jeep, H began to reverse. Defendant claimed that the reversal was an assault, and in response picked up a rock and hit the front windshield of the Jeep with it. The impact occurred on the passenger side at the very bottom of the windshield, where the windshield wipers rested. The impact shattered the glass in an area a few inches across and caused cracks to radiate outwards. The safety glass of the windshield prevented the rock from going through into the car. The windshield was a total loss and cost $1,024 to replace.

Defendant was charged with first-degree criminal mischief (Count 1), ORS 164.365, and second-degree criminal mischief (Count 2), ORS 164.354. First-degree criminal mischief, as relevant here, requires the state to prove that a person:

"(1)  *** with intent to damage property, and having no right to do so nor reasonable ground to believe that the person has such right:

"(a)   Damages or destroys property of another:

"(A)   In an amount exceeding $1,000[.]"

ORS 164.365. Second-degree criminal mischief, as relevant here, requires the state to prove that a person:

"(b)   Having no right to do so nor reasonable ground to believe that the person has such right, the person intentionally damages property of another, or, the person recklessly damages property of another in an amount exceeding $500."

ORS 164.354.

Defendant argued misidentification at trial, his theory being that the evidence would show that H could not identify him in a lineup, and that H was mistaken about where the incident occurred.

With respect to the value element of criminal mischief, the jury was instructed only that, in order to convict defendant, it had to find that defendant had caused damage

in excess of $1,000 (for first-degree criminal mischief) or $500 (for second-degree criminal mischief). There was no instruction given on the mental state required for the value element. Defendant did not raise any issue regarding the value element at trial. A jury found defendant guilty on both counts, which the court merged into one conviction for first-degree criminal mischief—a felony.

## II. ANALYSIS

On appeal, defendant argues that subsequent changes in the law mean that the court plainly erred by failing to instruct the jury on a mental state for the respective value elements of first- and second-degree criminal mischief. *See State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (In determining whether the lower court plainly erred, the Court of Appeals applies the law in effect at the time of the appeal rather than law in effect at the time of the lower court's decision.). Defendant further argues that, because the error was harmful and deprived defendant of a jury finding on an element that elevated his conduct to a felony, we should exercise our discretion to correct it. The state agrees that the error was plain, but counters that we should decline to exercise our discretion to consider the plain error. We address, in order, our jurisprudence on mental state instructions, preservation and what constitutes plain error, harmless error, and our discretion to review plain error.

### A.   *Mental State Jurisprudence*

Defendant's trial occurred in February 2022. At the time, the governing law was *State v. Morales*, 309 Or App 777, 779, 482 P3d 819 (2021), *vac'd*, 370 Or 471 (2022), which stood for the proposition that no culpable mental state attached to the value element of first-degree criminal mischief. Shortly after, in March, the Supreme Court decided *State v. Owen*, 369 Or 288, 505 P3d 953 (2022). *Owen* reiterated that ORS 161.115(2) provides that, notwithstanding the exceptions of ORS 161.105, the minimum mental state of all material elements of a crime is criminal negligence. *Id.* at 296. A material element of a crime is one which "necessarily requires a culpable mental state." *Id.* at 317 (quoting ORS

161.095(2)). Crucially, the court concluded that the result element of assault (*i.e.*, that the defendant caused an injury) was a material element and subject to the criminal negligence[1] mental state, overruling previous case law which required only proof of injury. *Id.* In *Prophet*, 318 Or App at 350 (2022), we noted that *Owen* had established that "all elements other than venue, statute of limitations, and the like, 'necessarily require[] a culpable mental state' under ORS 161.095(2), regardless of whether the statute provides an explicit mental state." As relevant here, we concluded in *State v. Waterman*, 319 Or App 695, 702, 511 P3d 78 (2022) that the value element of criminal mischief is material, and therefore requires a mental state instruction. Therefore, under current jurisprudence, it was error for the trial court to not instruct the jury on a requisite mental state for the value element of criminal mischief.

B.   *Preservation and the Elements of Plain Error*

Defendant acknowledges that he did not preserve that error. Defendant did not object to the lack of a jury instruction on that point, did not request a competing jury instruction, and did not otherwise address the value element in argument. Defendant in turn argues that we should excuse the lack of preservation because an objection would have been futile, and that we should use the futility test laid out in *State v. Merrill*, 303 Or App 107, 113, 463 P3d 540 (2020), *adh'd to as modified on recons*, 309 Or App 68, 481 P3d 441, *rev den*, 368 Or 402 (2021). But *Merrill* is inapposite here because the test applies only when a party "asks us to disavow our precedent," which defendant has not. *Id.* Further, in *Merrill*, the case in question had already been brought to the trial court's attention because the defendant had objected to its application; the difference on appeal was that the defendant was now asking for the case to be overturned. *Id.* at 111. But here, no objection or discussion about the value element was raised whatsoever. We thus do not excuse the lack of preservation.

---

[1] ORS 161.085(10) defines criminal negligence as when:

"a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

However, the state concedes that even though the issue was not preserved, it did constitute plain error due to the line of cases stemming from *Owen*. A plain error is (1) an error of law that is (2) obvious and (3) apparent on the record. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). We accept the state's concession of plain error given the plainly absent instruction. *See Waterman,* 319 Or App at 702. The state then urges us against correcting that error.

## C.   *Harmless Error*

As a threshold issue when considering plain error in jury instructions, we must ask whether any error was harmless. *State v. Horton*, 327 Or App 256, 263, 535 P3d 338 (2023) (laying out the harmlessness test); *see also State v. Ortiz*, 372 Or 658, 677, 554 P3d 796 (2024) (citing *Horton*'s approach with approval).[2] "An instructional error is not harmless if the verdict could have been based on an erroneous theory of liability as a result of the instructional error." *Waterman*, 319 Or App at 701. Whether defendant failed to be aware of a substantial and unjustifiable risk that the windshield of a new car might be so expensive is a question for the jury. Here, there was at least some possibility that the jury would not have been persuaded that the defendant was at least criminally negligent as to the windshield's value because, in relation to the first-degree charge, the damage to the windshield exceeded the statutory level for establishing that charge by only $24. *See Horton*, 327 Or App at 264 (applying the harmlessness test). In relation to the second-degree charge, the error was not harmless because the value element distinguishes second-degree criminal mischief from third-degree criminal mischief; and, we cannot say that there was little likelihood that the jury could find that defendant was not criminally negligent as to whether a car windshield replacement would cost $500 or more. We conclude that this error was not harmless as to either count.

---

[2] We follow the *Horton* approach, which, unlike in most other topic areas, addresses harmlessness before discretion, as the issue could be dispositive, the issues are easily confused, and the Supreme Court credited *Horton* as correct in *Ortiz*, 372 Or at 678; *but see State v. McKinney/Shiffer*, 369 Or 325, 335, 505 P3d 946 (2022) (first examining plain error, then examining harmlessness).

D.  *Exercise of Discretion to Correct Plain Error*

We are not required to reverse all plain errors, and instead may exercise our discretion. *Vanornum*, 354 Or at 630. When deciding whether to exercise our discretion to consider a plain error, we may consider, but are not limited to, the following factors:

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes v. Portland Meadows Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991); *see also Horton*, 327 Or App at 265 (discussing considerations beyond the *Ailes* factors). We must, however, be careful not to conflate the arguments between harmlessness and discretion. *Ortiz*, 372 Or at 671 (concluding that nonharmlessness was not a legally sufficient reason to reverse on plain-error review).

The state additionally asks us to implement a new test before exercising our discretion, which would require a reasonable likelihood or probability that the error affected the outcome.[3] We see no reason to change the approach in the well-established framework set forth in *Ailes*. Further, we are concerned that such an approach would be too close to adding a harmlessness test into the discretion framework, which the Supreme Court made clear must remain separate considerations. *Ortiz*, 372 Or at 671.

Turning to the factors, we conclude that the error in this criminal case was grave. The value element was necessary for criminal liability for both counts, and it elevated the crime from a misdemeanor to a felony for the first-degree

---

[3] Defendant characterizes the test as new. The state disagreed that this was a new test, but it did not provide a direct Oregon citation in briefing for the proposition, instead relying on federal case law. *Greer v. United States*, 593 US 503, 507, 141 S Ct 2090, 210 L Ed 2d 121 (2021) (requiring the defendant to prove that an error was harmful when the claim is unpreserved). While the federal courts do take such an approach, they also lack Oregon's discretionary plain error review structure.

criminal mischief charge. *See State v. Reynolds*, 250 Or App 516, 522, 280 P3d 1046, *rev den*, 352 Or 666 (2012) (exercising discretion based on the constitutional magnitude of a felony conviction, even though the conviction would not have increased the sentence). The ends of justice in this close felony case weigh in favor of having a trier of fact decide each element. Defendant did not have any strategic reason not to object. *See State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020) (trial court could not have avoided error under existing law, which weighed in favor of discretion). We accordingly exercise our discretion to address the error.

The state, at oral argument, urged us to clarify the application of criminal negligence to the value element. But to do so would require us to conclude that criminal negligence was the correct mental state, rather than another mental state, a topic which neither we nor the Supreme Court have addressed. As in *Horton*, we decline to determine those issues for the first time in the case before us, where they are presented in a plain error posture. 327 Or at 262. We leave such arguments to be developed in a preserved posture.

The state further suggests we reverse only on Count 1 because there was no "reasonable probability that the jury would have found that defendant was not criminally negligent in failing to be aware of the risk that his conduct could result in at least $500 in damages" with regard to Count 2. We decline to do so because this is another version of the state's reasonable likelihood test, which we already declined to implement, and we have already concluded that the error was not harmless in relation to that count.

### III.   CONCLUSION

Thus, having established that the lack of a jury instruction on defendant's mental state with regard to the value of the damage done was plain error; having determined that the error was not harmless, depriving defendant of the right to have a jury decide all of the material elements of the charges; and having exercised our discretion to address that error; we reverse and remand on both counts.

Reversed and remanded.