Submitted March 9, 2018, affirmed March 18, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY MORGAN MAILMAN,
*Defendant-Appellant.*

Union County Circuit Court
M21794; A162173

463 P3d 20

Defendant appeals from a judgment of conviction for felony fourth-degree assault constituting domestic violence, ORS 163.160; strangulation constituting domestic violence, ORS 163.187; second-degree criminal mischief, ORS 164.354; and second-degree disorderly conduct, ORS 166.025. This is the second of two opinions issuing today in which a defendant asserts that *State v. Hendricks*, 273 Or App 1, 359 P3d 294 (2015), was wrongly decided, arguing that, in light of legislative history, a temporary interruption of breathing is legally insufficient to constitute a physical injury or impairment of condition for purposes of assault, thus requiring the strangulation and assault verdicts to merge. *Held*: In contrast with the defendant's argument in *State v. Merrill*, 303 Or App 107, 463 P3d 540 (2020), defendant's failure to raise a challenge before the trial court that *Hendricks* was wrongly decided precludes consideration of that argument on appeal.

Affirmed.

Russell B. West, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erin J. Snyder Severe, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

JAMES, J.

Affirmed.

**JAMES, J.**

Defendant appeals from a judgment of conviction for felony fourth-degree assault constituting domestic violence, ORS 163.160; strangulation constituting domestic violence, ORS 163.187; second-degree criminal mischief, ORS 164.354; and second-degree disorderly conduct, ORS 166.025. On appeal, defendant raises three assignments of error. We reject the first without discussion. In defendant's second assignment of error he challenges the denial of his motion for judgment of acquittal, arguing that a temporary interruption of breathing is legally insufficient to constitute a physical injury or impairment of condition for purposes of assault. In making that argument defendant asks us to disavow our decision in *State v. Hendricks*, 273 Or App 1, 359 P3d 294 (2015), *rev den*, 358 Or 794 (2016), arguing that, in light of legislative history, *Hendricks* was wrongly decided. That argument mirrors the argument rejected in *State v. Merrill*, 303 Or App 107, 108-09, 463 P3d 540 (2020). We do not revisit it here other than to briefly highlight a difference between this case and *Merrill* that bears on preservation. In defendant's third assignment of error, he argues that *Hendricks* compels the conclusion that guilty verdicts for strangulation and assault merge. Again, that argument mirrors the one rejected in *Merrill*, *id.*, and we reject it without additional discussion. Accordingly, we affirm.

"In considering a trial court's ruling on a motion for judgment of acquittal, we state the facts in the light most favorable to the state, reviewing 'to determine whether a rational trier of fact *** could have found the essential element of the crime beyond a reasonable doubt.'" *State v. Pucket*, 291 Or App 771, 422 P3d 341 (2018) (quoting *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995) (omission in original)). When a trial court's denial of a motion for judgment of acquittal depends on its interpretation of a statute, this court reviews the trial court's interpretation for legal error. *State v. Stewart*, 282 Or App 845, 848, 386 P3d 688 (2016). We state the facts in accordance with that standard.

Defendant and S were in a relationship, and S was six months' pregnant with their second child when they

got in an argument over defendant not coming home after work. S went looking for defendant, spotted him in the car of his friend, and followed them through La Grande. The car stopped in an alleyway next to a Chevron station, and defendant exited. S got out of her vehicle and the two began yelling.

S eventually got back into her vehicle, and defendant walked up to her open window and put his left hand around her throat for five seconds. Defendant walked away and said, "We're done. It's over."

S rolled up her window. Defendant then turned around and punched the window, shattering the glass. When officers arrived on the scene they noted that S had a laceration near her eye and nose, and blood on her shoulder from the shattered glass. She told the officers that defendant had choked her and tried to take her keys from the ignition. The officers arrested S and cited defendant for disorderly conduct.

The next day, S told officers that defendant had slammed S's head against the back seat and used his left hand to "choke" her for a "couple minutes." However, later, S retracted that statement and indicated that she did not "remember anything or which order it happened."

The state charged defendant with both assault and strangulation, among other counts. At the close of the state's case, defendant made a motion for judgment of acquittal, focusing that argument on the fact that S had apparently recanted her statements that defendant had choked her. In response to defendant's motion for judgment of acquittal, the prosecutor brought up *Hendricks* to the trial court:

> "Something that was not brought up, Judge, but the Court may have concerns about it, the assault issue, Judge, if there's enough for physical injury. Physical injury being substantial pain or impairment of physical condition.
>
> "There's a case from last year, *State v. Hendricks*, * * * [a]nd that basically stands for because [*sic*] when you strangle someone and cut off their airway you're impairing their ability to breathe, which is a physical condition, and there's no time duration required of how long that impairment has

to be. This case stands for any time you have a strangulation you also have an assault."

Defense counsel indicated that he was aware of *Hendricks* and clarified that his motion was not challenging the viability of using an interruption of breathing as a physical injury for purposes of assault but was rather challenging the sufficiency of the evidence that S had been strangled at all. The trial court denied the motion, ruling

"I've heard the testimony of the witnesses; I've heard the arguments of counsel. * * *

"As far as the assault four, I find that there is enough evidence for a reasonable juror to find the defendant guilty."

Both the strangulation and the assault counts went to the jury under the theory that the act of choking S constituted the assault. The state did not proceed under any alternative factual basis—such as causing lacerations to S by breaking the window. The jury convicted defendant on all counts, including the strangulation and assault, and this appeal followed.

On appeal, defendant asks us to disavow our decision in *Hendricks*, an argument not raised before the trial court. Defendant argues that his failure to challenge *Hendricks* before the trial court should not preclude our consideration of that issue on appeal, or alternatively, defendant asks us to consider the matter under the standards of plain error. *See, e.g.*, *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991).

In *Merrill* we reached the merits of a similar challenge, relying on *State v. Bonilla*, 358 Or 475, 483, 366 P3d 331 (2015), and reasoning that

"principles of preservation do not dictate that parties pursue futile actions. When controlling authority is squarely on point, a party need not always compel a trial court to announce the obvious—that the court is bound by such precedent—to later challenge the reasoning of that precedent before the appellate court that announced it."

*Merrill*, 303 Or App at 112.

We noted that, as in *Bonilla*, the defendant in *Merrill*

> "was in a poor position to advocate before the trial court that *Hendricks* was wrongly decided. We are the first court with authority to meaningfully respond to such an argument, either by affirmance, modification, or disavowal of such precedent. Finally, we can perceive no unfair disadvantage or surprise to the state by a failure to advance that argument at trial."

*Id.* at 113.

Accordingly, we concluded that

> "In keeping with *Bonilla*, we will consider a litigant's challenge to existing law—one that asks us to disavow our precedent—even though that argument was not raised at trial, only when (1) raising the issue at trial would have been futile because the trial court was obligated to follow controlling precedent, and (2) the failure to alert the trial court and all parties to the challenge to controlling precedent did not result in any unfair advantage or surprise."

*Id.*

In contrast to *Merrill*, where the state did not dispute preservation, here the state argues that defendant's failure to raise a challenge before the trial court that *Hendricks* was wrongly decided should preclude consideration of that argument on appeal. We agree.

In *Merrill* the factual circumstances of the encounter supported multiple potential theories of assault, both of which were presented to the jury along with a concurrence instruction. It was clear from the verdict form that the jury had been presented with, and rejected, all theories except the one based on strangulation. Like *Merrill*, here there were multiple potential theories of assault. Testimony at trial indicated that police observed S with "bleeding lacerations." Her eye was cut, her nose was bleeding, and she had blood on her shoulder, all of which testimony established had occurred as a result of defendant smashing the window. Such lacerations can, depending on their severity, constitute physical injury for fourth-degree assault. *State v. Hart*, 222 Or App 285, 292, 193 P3d 42 (2008) (holding that

a half-inch "gash" on the back of the victim's head could con-stitute "physical injury" for fourth degree assault).

Had defendant indicated at trial that he was chal-lenging the legal viability of relying on a temporary inter-ruption of breathing as a basis of physical injury for pur-poses of assault, the state could have potentially insulated itself from the consequences of any subsequent change in the law by presenting an alternative theory for the assault—the lacerations—just as in *Merrill*. Accordingly, we cannot be confident that the failure to alert the parties at trial to the legal challenge, even though the trial court was bound by controlling precedent and could not have acted upon such a challenge, would not result in the state having been "sur-prise[ed], misled, or denied opportunities to meet an argu-ment." *Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995) (internal citation omitted). The potential for such unfair surprise counsels against hearing such a challenge to prec-edent for the first time on appeal, whether under *Merrill*, *Bonilla*, or under *Ailes*, and we accordingly reject it here.

Affirmed.