Submitted on remand January 17, affirmed May 24, petition for review denied October 19, 2023 (371 Or 509)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARIO MORALES, JR.,
aka Mario C. Morales, Jr.,
aka Mario Morales Junior,
*Defendant-Appellant.*

Umatilla County Circuit Court
19CR31487; A171443

530 P3d 932

This case, which involves a conviction for first-degree criminal mischief, is on remand from the Oregon Supreme Court in light of that court's decision in *State v. Shedrick*, 370 Or 255, 518 P3d 559 (2022). *See State v. Morales*, 370 Or 471, 520 P3d 882 (2022). In *Shedrick*, the Supreme Court held that ORS 161.095(2) requires proof of a culpable mental state as to the "value of the property" element of first-degree theft. *Shedrick*, 370 Or at 269. Here, the issues presented on remand are (1) whether the Supreme Court's reasoning in *Shedrick* would similarly apply to first-degree criminal mischief, and, if so, (2) whether the record in this case was sufficient for the trier of fact to conclude beyond a reasonable doubt that defendant was at least criminally negligent with respect to the amount-of-damage element of that crime. *Held*: (1) ORS 161.095(2) requires proof of a culpable mental state for the amount-of-damage element of first-degree criminal mischief, and (2) the evidence to which the parties stipulated—that defendant so damaged a fairly new door and door frame that the door and door frame had to be replaced and painted—was sufficient to support a finding by the trier of fact that defendant failed to be aware of a substantial and unjustifiable risk that he would cause at least $1,000 in damage when he kicked the door open. The trial court properly declined to acquit based on insufficiency of the evidence.

Affirmed.

On remand from the Oregon Supreme Court, *State v. Morales*, 370 Or 471, 520 P3d 882 (2022).

Jon S. Lieuallen, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

This case is before us on remand from the Supreme Court. *State v. Morales*, 309 Or App 777, 482 P3d 819 (2021) (*Morales I*), *vac'd and rem'd for recons* in light of *State v. Shedrick*, 370 Or 255, 518 P3d 559 (2022), 370 Or 471, 520 P3d 882 (2022) (*Morales II*). At issue is defendant's first assignment of error, "in which he contends that he should have been acquitted on the criminal mischief charge because there was insufficient evidence that he had the required culpable mental state as to the amount of damages." *Morales I*, 309 Or App at 778. In *Morales I*, we applied *State v. Jones*, 223 Or App 611, 196 P3d 97 (2008), *rev den*, 345 Or 618 (2009), and *State v. Stowell*, 304 Or App 1, 12, 466 P3d 1009 (2020), to the first-degree criminal mischief statute, ORS 164.365(1)(a)(A),[1] and concluded that the state was not required to prove a particular mental state with respect to the value of property damaged or destroyed to support a conviction for first-degree criminal mischief. Because we agreed with the state that it was not required to prove a culpable mental state, we rejected defendant's claim of error without addressing his evidentiary sufficiency argument. *Morales I*, 309 Or App at 778-79. The Supreme Court issued its opinion in *Shedrick* after we decided *Morales I* and concluded that ORS 161.095(2),[2] the statute requiring proof of a culpable mental state for material elements of an offense, applies to the property-value element of first-degree theft, abrogating both *Jones* and *Stowell*. Given that holding, and given the abrogation of cases we specifically relied on to reach our decision in *Morales I*, the Supreme Court remanded this case to us for further consideration.

---

[1] ORS 164.365 provides, as relevant here:

"(1) A person commits the crime of criminal mischief in the first degree who, with intent to damage property, and having no right to do so nor reasonable ground to believe that the person has such right:

"(a) Damages or destroys property of another:

"(A) In an amount exceeding $1,000[.]"

[2] ORS 161.095 provides, as relevant here:

"(2) Except as provided in ORS 161.105 (Culpability requirement inapplicable to certain violations and offenses), a person is not guilty of an offense unless the person acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."

Upon reconsideration, as we explain, we conclude that the evidence was legally sufficient to support a finding that defendant acted with criminal negligence with respect to the amount-of-damage element of first-degree criminal mischief, the culpable mental state that defendant asserts is required by ORS 161.095(2).[3] Accordingly, the trial court correctly denied defendant's motion for judgment of acquittal and, therefore, we affirm.[4]

Defendant was convicted of first-degree criminal mischief after waiving jury and proceeding with a stipulated facts bench trial.[5] The parties stipulated that, among other things, defendant entered a vacant dwelling in Pendleton without the owners' permission by kicking in the back door, that defendant "caused damage" to both the door and to the doorframe, which were "in fairly new condition," and that the owners paid a contractor $1,045 to remove the damaged door and frame and to install and paint a new door and frame. It was further agreed that the cost break-down included $440 for the cost of the new door and frame, $30 for the cost of the paint, and $575 in labor costs.

Defendant assigned error to the trial court's failure to acquit him. He argued that ORS 161.095(2) required the court to find that he was at least criminally negligent with respect to the amount-of-damage element of the offense and that there was insufficient evidence that he was at least criminally negligent with respect to the amount-of-damage element of the crime and that there was insufficient evidence that the amount of damage exceeded $1,000.

---

[3] The trial court did not state on the record whether it determined that defendant acted with a culpable mental state with respect to the amount-of-damage element of criminal mischief, and defendant did not ask it to do so. On appeal, defendant does not argue that the trial court failed to determine whether he acted with the requisite culpable mental state; instead, defendant argues only that the court should have acquitted him because, in defendant's view, the evidence is legally insufficient to support a finding that he acted with criminal negligence with respect to the amount-of-damage element of the offense.

[4] In *Morales I*, we rejected defendant's second assignment of error without discussion. Because that assignment was not preserved, we decline to revisit it now.

[5] Defendant pleaded guilty to methamphetamine-related and trespassing charges. Those convictions are not before us.

We turn first to the question of whether the Supreme Court's reasoning in *Shedrick*—applying ORS 161.095(2) to first-degree theft—would similarly apply to first-degree criminal mischief. The answer depends on whether the amount-of-damage element of first-degree criminal mischief is a "material" element of that crime. *State v. Owen*, 369 Or 288, 295, 505 P3d 953 (2022). A "material element" of a criminal offense refers to any fact that the state must prove to convict a defendant, except for facts "relating to when and where a crime could be prosecuted, like the statute of limitations, jurisdiction, and venue." *Id.* at 317. The amount-of-damage element of first-degree criminal mischief, like the property-value element of first-degree theft, does not pertain to the statute of limitations, jurisdiction, or venue. It is, instead, an element that distinguishes the crime of first-degree criminal mischief from the lesser crimes of second- and third-degree criminal mischief. The amount-of-damage element of first-degree criminal mischief is, thus, closely analogous to the property-value element of first-degree theft. It is clearly material to the charged crime.

Moreover, there is nothing within the text of ORS 164.365 itself that expressly or impliedly excepts first-degree criminal mischief from the requirements of ORS 161.095(2), and the parties have not provided any legislative history that would suggest that the legislature intended such an exception. The analysis parallels that undertaken by the Supreme Court in *Shedrick* and we readily conclude that ORS 161.095(2) requires proof of a culpable mental state for the amount-of-damage element of first-degree criminal mischief. Finally, *Shedrick* did not answer the question of what level of culpable mental state is required, and instead proceeded assuming that the applicable *mens rea* was criminal negligence. Because, as in *Shedrick*, the parties do not contend that a greater *mens rea* than criminal negligence applies, we also assume that standard applies here. *See State v. Perkins*, 325 Or App 624, 529 P3d 999 (2023) (discussing rationale for treating culpable mental state as criminal negligence where neither party argues for a higher culpable mental state).

Under ORS 161.085(10), a person is criminally negligent as to a statutory result or a circumstance of a criminal offense

"*** when *** [the] person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

Here, the evidence would allow the finding that defendant acted with criminal negligence. First, it would allow an inference that defendant was unaware that he would cause damage "in an amount exceeding $1,000" when he kicked the door in. The question then reduces to whether there was sufficient evidence of a "substantial and unjustifiable risk" that $1,000 worth of damage would result from kicking in the door and that defendant's failure to be aware of that risk was a "gross deviation" from what "a reasonable person" would understand in that situation. ORS 161.085(10); *see State v. Boggs*, 324 Or App 1, 524 P3d 567 (2023) (similarly applying ORS 161.085(10) on remand from the Supreme Court in a first-degree theft case). We conclude that the evidence to which the parties stipulated—that defendant so damaged a fairly new door and door frame that the door and door frame had to be replaced and painted— was sufficient to support a finding by the trier of fact that defendant failed to be aware of a substantial and unjustifiable risk that he would cause at least $1,000 in damage when he kicked the door open. The trial court properly declined to acquit based on insufficiency of the evidence.

Affirmed.