Submitted May 25, remanded for resentencing, otherwise affirmed
July 26, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DYLANA CONSTANCE SERENITY HORTON,
*Defendant-Appellant.*

Josephine County Circuit Court
20CR68459, 20CR68461, 21CR03129;
A177021 (Control), A177022, A177023

535 P3d 338

Defendant was charged in three separate cases, leading to three separate jury trials and a single sentencing proceeding. On appeal, as relevant to her convictions for first-degree criminal mischief, ORS 164.365, and second-degree criminal mischief, ORS 164.354, defendant argues that the trial court erred by failing to give a jury instruction on the mental-state requirement for the value element of criminal mischief. She also challenges the court's imposition of 36 months of postprison supervision as part of her sentence on her conviction for failure to perform the duties of a driver to injured persons, ORS 811.705. *Held*: As to the instructional error, defendant did not preserve the claim of error, so appellate review is limited to plain-error review. The instructional error is plain under current law, and the standard for harmlessness is not met, so the Court of Appeals had discretion whether to correct the error and, ultimately, was unpersuaded to exercise that discretion. As for the sentencing issue, the state conceded, and the court agreed, that the error was plain and that the court should exercise its discretion to correct that error.

Remanded for resentencing; otherwise affirmed.

Robert S. Bain, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Remanded for resentencing; otherwise affirmed.

**AOYAGI, P. J**.

Defendant was charged in three separate cases, leading to three separate jury trials and a single sentencing proceeding. As relevant to this consolidated appeal, in Case Number 20CR68459, defendant was convicted of first-degree criminal mischief, ORS 164.365 (Count 3), and, in Case Number 20CR68461, defendant was convicted of failure to perform the duties of a driver to injured persons, ORS 811.705 (Count 2), and second-degree criminal mischief, ORS 164.354 (Count 6).[1] On appeal, defendant argues that the trial court erred by failing to instruct the juries on the mental-state requirement for the value element of criminal mischief. She also challenges the court's imposition of 36 months of post-prison supervision (PPS) for Count 2 in Case Number 20CR68461.

As described below, regarding the jury instructions on criminal mischief, we reject defendant's contention that preservation was excused, so we are limited to plain-error review. On plain-error review, we conclude that the instructional error is plain under current law, but we are unpersuaded to exercise our discretion to correct it in this case. As for the sentencing issue, the state concedes, and we agree, that the court erred in its PPS calculation and that we should exercise our discretion to correct that error. Accordingly, we remand for resentencing and otherwise affirm.

## I.  CRIMINAL MISCHIEF CONVICTIONS

Defendant was convicted of first-degree criminal mischief based on an incident in which she stole her friend's car and tore apart the dashboard electronics, causing over $2,100 in damage to the car. First-degree criminal mischief requires property damage in excess of $1,000. ORS 164.365(1)(a)(A). Defendant was convicted of second-degree criminal mischief based on a separate incident in which she

---

[1] In Case Number 20CR68459, defendant also was convicted of unauthorized use of a vehicle, ORS 164.135 (Count 1); she was acquitted of a robbery charge. In Case Number 20CR68461, defendant also was convicted of unauthorized use of a vehicle, ORS 164.135 (Count 1); fourth-degree assault, ORS 163.160 (Counts 3 and 4); and reckless driving, ORS 811.140 (Count 5). In Case Number 21CR03129, defendant was convicted of assault on a public safety officer (Count 1); another charge was dismissed before trial.

stole a stranger's truck and drove it in a manner that caused a multi-vehicle accident and, as relevant here, approximately $4,800 in damage to a concrete barrier. Second-degree criminal mischief requires property damage in excess of $500. ORS 164.354(1). The charges were tried to different juries. Neither jury was instructed on a mental-state requirement for the value element.

In her first assignment of error, defendant argues that it was error not to instruct the jury in Case Number 20CR68459 on the mental-state requirement for the value element of first-degree criminal mischief. In her second assignment of error, she argues that it was error not to instruct the jury in Case Number 20CR68461 on the mental-state requirement for the value element of second-degree criminal mischief.

A.   *Preservation*

We begin with preservation. Defendant did not request in either case a jury instruction on the mental-state requirement for the value element of criminal mischief. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). We have discretion, however, to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a "plain" error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

Defendant contends that preservation is excused—such that we should conduct regular review, instead of plain-error review—because, at the time of her trials, there was controlling law that the state did not need to prove any culpable mental state for the value element of criminal mischief. *See State v. Morales*, 309 Or App 777, 779, 482 P3d 819 (2021), *vac'd*, 370 Or 471, 520 P3d 882 (2022) (holding that, for first-degree criminal mischief, "no culpable mental state is required with respect to the amount of

damages").[2] In defendant's view, given the controlling law, preservation was excused under *State v. Merrill*, 303 Or App 107, 112, 463 P3d 540 (2020), *adh'd to as modified on recons*, 309 Or App 68, 481 P3d 441, *rev den*, 368 Or 402 (2021). In the alternative, defendant requests plain-error review.

We disagree with defendant's reading of *Merrill*. *Merrill* does not stand for the proposition that a party is excused from preserving an issue if there is unfavorable controlling authority at the time of trial. Such an approach would be inconsistent with the many cases in which we and the Supreme Court have conducted plain-error review as to an issue on which the law changed after trial. *See, e.g.*, *State v. McKinney/Shiffer*, 369 Or 325, 505 P3d 946 (2022) (conducting plain-error review of the lack of an instruction on the culpable mental state for the physical-injury element of assault, where the controlling law at the time of trial was *State v. Barnes*, 329 Or 327, 986 P2d 1160 (1999), which was overruled on that issue by *State v. Owen*, 369 Or 288, 505 P3d 953 (2022), during the pendency of the appeal); *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020) (conducting plain-error review of jury instruction allowing nonunanimous guilty verdicts, where the controlling law at the time of trial was *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972), which was overruled by *Ramos v. Louisiana*, ___ US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), during the pendency of the appeal); *State v. Dippre*, 320 Or App 317, 512 P3d 835 (2022) (conducting plain-error review of entry of conviction for unlawful delivery of a controlled substance, where the controlling law at the time of trial was *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988), which was overruled by *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), *rev allowed*, 369 Or 504 (2022), during the pendency of the appeal).

---

[2] As discussed later, the law has since changed. That change in the law led the Supreme Court to vacate and remand *Morales* for reconsideration in light of *State v. Shedrick*, 370 Or 255, 518 P3d 559 (2022), and, on remand, we held that a culpable mental state is required for the value element of first-degree criminal mischief. *State v. Morales*, 326 Or App 177, 181, 530 P3d 932 (2023). *Morales* involved a motion for a judgment of acquittal, rather than a jury instruction, but the legal issue is the same, *i.e.*, whether a culpable mental statement requirement exists for the value element. *Id*. at 180.

*Merrill* simply applies traditional preservation principles to one particular situation that is different from the situation here. In *Merrill*, the defendant moved for judgment of acquittal in the trial court, arguing that the evidence was insufficient to prove the state's strangulation theory of assault, which relied on *State v. Hendricks*, 273 Or App 1, 359 P3d 294 (2015), *rev den*, 358 Or 794 (2016). *Merrill*, 303 Or App at 110-11. On appeal, the defendant renewed the argument that he had made in the trial court, as well as arguing for the first time that *Hendricks* is plainly wrong and should be disavowed. *Id*. at 111. We concluded that the latter argument was properly before us and did not have to be raised in the trial court, because it would have been futile to raise it there (given that the trial court was bound by *Hendricks*), and because waiting to raise it on appeal had not caused any "unfair disadvantage or surprise" to the other party. *Id*. at 113.

This situation is different. In *Merrill*, the relevant legal issue—whether the evidence was legally sufficient to prove the physical-injury element of assault—had been raised in the trial court. It was only the specific argument challenging *Hendricks* as wrong that had not been made to the trial court. Under the circumstances, the purposes of preservation were adequately served. *Compare id*. at 112 (describing the purposes of preservation), *with id*. at 113 (describing when we will consider a litigant's request that we disavow existing precedent when it is made for the first time on appeal). By contrast, in *State v. Mailman*, 303 Or App 101, 103-06, 463 P3d 20 (2020), *adh'd to as modified*, 309 Or App 158, 480 P3d 339, *rev den*, 368 Or 561 (2021)— decided the same day as *Merrill*—we refused to consider the defendant's argument that *Hendricks* is plainly wrong and should be disavowed, where the defendant's motion for judgment of acquittal on the physical-injury element of assault had been narrowly focused on the victim's recantation (which had nothing to do with the *Hendricks* issue), and where allowing him to challenge *Hendricks* for the first time on appeal would have been unfair to the other party.

Here, defendant never raised any issue regarding a mental-state requirement for the value element of criminal

mischief. The purposes of preservation were not met, nor is preservation excused. We therefore proceed with plain-error review.

## B.  *Plain-Error Review*

"Whether a plain error occurred does not turn on the law at the time of trial, but rather depends on the law at the time of the appellate decision." *McKinney*/*Shiffer*, 369 Or at 333 (internal quotation marks omitted). We agree with defendant that, under current law, not instructing the jury on a mental-state requirement for the value element of criminal mischief is plain error. *See State v. Morales*, 326 Or App 177, 181, 530 P3d 932 (2023) (holding, on remand for reconsideration in light of *State v. Shedrick*, 370 Or 255, 518 P3d 559 (2022), that a culpable mental state is required for the amount-of-damage element of first-degree criminal mischief); *State v. Waterman*, 319 Or App 695, 702, 511 P3d 78 (2022) (holding, "[i]n light of recent cases on the law of culpable mental states," that it was plain error not to instruct the jury that a culpable mental state was required "with respect to the value of the property damaged on the first-degree criminal mischief charge"); *see generally Shedrick*, 370 Or at 260, 269 (explaining that, under *Owen*, the state ordinarily must prove a culpable mental state for any material element of a criminal offense, except those relating to when and where a crime can be prosecuted, and holding that the state needed to prove a culpable mental state for the value element of first-degree theft). That is, it is an error of law, the legal point is obvious and not reasonably in dispute, and it is apparent on the record. *Vanornum*, 354 Or at 629.

As for the specific mental state at issue, defendant argues that recklessness is the required culpable mental state for the value element of both first- and second-degree criminal mischief. It would be improper for us to decide that issue, however, in a plain-error posture. As to both degrees of criminal mischief, it is an open question in Oregon law which mental-state requirement actually applies to the value element—*cf. Shedrick*, 370 Or at 270 (leaving open what the applicable culpable mental state is for the value element of first-degree theft, but assuming without deciding that it is criminal negligence)—and, as the detailed

arguments in defendant's opening brief demonstrate, the answer to that question is far from "obvious." Because it is an open question which specific mental state is required, the only error that qualifies as "plain" is the error in failing to instruct the juries on *any* mental-state requirement for the value element.

In other words, it was plain error not to instruct the juries that at least criminal negligence had to be proved as to the value element, because it is now obvious and beyond reasonable dispute that *some* culpable mental state applies to the value element, and criminal negligence is the lowest one. *See* ORS 161.085(6) ("'Culpable mental state' means intentionally, knowingly, recklessly or with criminal negligence as these terms are defined in subsections (7), (8), (9) and (10) of this section."). However, it is not obvious, and is reasonably disputed, that recklessness had to be proved, so it cannot be said to be plain error to have failed to give a recklessness instruction. We therefore decline to address defendant's argument that recklessness is the required mental state. Further, for purposes of deciding whether to exercise our discretion to correct plain error, we view the error as being the lack of an instruction that a guilty verdict on criminal mischief required at least a finding that defendant was *criminally negligent* as to causing more than $1,000 of damage to her friend's car (for first-degree criminal mischief) or more than $500 of damage to the concrete barrier (for second-degree criminal mischief).

We now turn to whether the error was harmless and, if not, whether we should exercise our discretion to correct it. We cannot reverse a judgment based on a harmless error, so if the error was truly "harmless," then we have no discretion and must affirm. *See Montara Owners Assn. v. La Noue Development, LLC*, 357 Or 333, 350-51, 353 P3d 563 (2015) (under ORS 19.415(2), an appellate court may reverse a judgment based on an erroneous jury instruction only if the error substantially affected the party's rights, *i.e.*, if there is more than little likelihood that it influenced the result); *State v. Davis*, 336 Or 19, 29 n 7, 77 P3d 1111 (2003) (the analysis for determining whether an appellate court must affirm a judgment despite trial error under

ORS 19.415(2) is similar to the analysis under Article VII (Amended), section 3); *State v. Garcia*, 284 Or App 357, 363, 392 P3d 815, *rev den*, 361 Or 645 (2017) ("If error is harmless, this court is required to affirm a defendant's conviction even when a trial court commits error; and error is harmless if there is little likelihood that the error affected the verdict or substantially affected the defendant's rights.").

Whether an error was "harmless" is a binary question. "[A]pplication of the harmless-error test permits only one legally correct outcome—an error is either harmless, or it is not." *State v. Ramoz*, 367 Or 670, 703, 483 P3d 615 (2021). A determination that there is little likelihood that an error affected the verdict "is not a finding about how the [appellate] court views the weight of the evidence," but rather "a legal conclusion about the likely effect of the error on the verdict." *Davis*, 336 Or at 32. In the mental-state context in particular, the pertinent inquiry "is not whether a jury *could* have found defendant to have the requisite mental state on this record; rather, it is whether there is some likelihood that the jury might *not* have been persuaded that he had the requisite mental state, had it considered that issue." *State v. Stone*, 324 Or App 688, 695, 527 P3d 800 (2023) (emphases in original).

When a jury was not instructed at all on one element of an offense—a situation that is normally rare but with which we are currently regularly faced due to the change in the law under *Owen* and *Shedrick*—an appellate court is in a difficult position in trying to assess whether the jury might have found that element to be unproved, had it been instructed on it. Although harmlessness is often a difficult analysis, it is especially difficult in that procedural posture, as we must be extremely wary of usurping the jury's function. We should therefore be appropriately cautious about concluding that the failure to instruct a jury on a required element of an offense was legally "harmless."

Here, as to each of defendant's criminal-mischief convictions, we conclude that the error does not meet the legal standard for harmlessness.[3] There is at least some

_____

[3] Recently, in *State v. Perkins*, 325 Or App 624, 630-31, 529 P3d 999 (2023), which involved a preserved error, we called attention to the fact that "the failure

possibility that the jury might not have been persuaded that defendant had the requisite mental state for criminal mischief. *Stone*, 324 Or App at 695. Moreover, if the claim of error was preserved—*i.e.*, if defendant had requested an instruction on the mental-state element for criminal mischief, and the trial court had refused to give it—we would conclude that reversal was necessary. Given that reality, it would be inconsistent to conclude in the present posture that the error was legally "harmless."

Having concluded that failure to instruct the jury on a required element of the offense was not legally "harmless," it follows that we have discretion to correct the error, if we choose, so we proceed to our discretionary analysis. "[T]he harmless-error analysis does not govern our discretionary decision about whether to address unpreserved claims of error. Instead, we must balance the gravity of any error, in the context of the nature of the case, against the other factors set forth in *Ailes*, *Vanornum*, *Fults*, and other plain-error cases." *State v. Inman*, 275 Or App 920, 936, 366 P3d 721 (2015), *rev den*, 359 Or 525 (2016) (internal quotation marks omitted); *see Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991); *Vanornum*, 354 Or at 614; *State v. Fults*, 343 Or 515, 173 P3d 822 (2007).

Even if an error does not qualify as "harmless," our assessment of where it falls on the spectrum of "likelihood" of having affected the verdict can be an important consideration to the exercise of discretion. The likelihood that the error affected the outcome goes to its "gravity" and to "the ends of justice." *Inman*, 275 Or App at 936 ("[T]he error in

---

to submit a required element of an offense to the jury is a federal constitutional error" and that the federal harmlessness standard requires that "the error is harmless beyond a reasonable doubt." Defendant in the present case has not claimed a federal constitutional violation, instead arguing only under the state constitutional harmlessness standard. We therefore apply the state standard. We note that the burden of persuasion as to harmlessness is on defendant under the state standard, *State v. Torres*, 206 Or App 436, 445, 136 P3d 1132 (2006) ("The burden is on a defendant who appeals his conviction to show that a court's error affected a substantial right."), and, because the error is unpreserved, also would be on defendant under the federal standard, *United States v. Olano*, 507 US 725, 734, 113 S Ct 1770, 123 L Ed 2d 508 (1993) (explaining that, under Federal Rule of Criminal Procedure 52, the burden of persuasion regarding harmlessness is borne by the state as to preserved errors, whereas it is borne by the defendant as to unpreserved errors).

this case was not particularly grave, in terms of its likelihood of affecting the verdict."); *State v. Pergande*, 270 Or App 280, 285-86, 348 P3d 245 (2015) (citing "the ends of justice and the gravity of the error" in exercising discretion to correct a plain error that was "likely" harmful and carried a "significant risk" that it affected the verdict).

Some plain errors are so grave, due to either their nature or their likelihood of having affected the outcome, that we or the Supreme Court will exercise our discretion to correct them based on that consideration alone—or at least without feeling the need to expressly discuss any other considerations. *See, e.g.*, *State v. Flores Ramos*, 367 Or 292, 295, 478 P3d 515 (2020) ("[T]he receipt of a nonunanimous verdict is an error sufficiently grave that appellate courts should exercise their discretion to correct the error on appeal, despite the state's interest in avoiding the expense and difficulty associated with a retrial." (Internal quotation marks omitted.)); *Pergande*, 270 Or App at 285-86 (exercising discretion to correct plain error in allowing vouching testimony, where there was a "significant risk" that the error affected the jury's credibility assessments in a case that came down to a credibility contest).

In many cases, however, other considerations also come into play, such as "the competing interests of the parties; the nature of the case; *** how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way." *Ailes*, 312 Or at 382 n 6 (nonexclusive list); *see, e.g.*, *State v. Roelle*, 259 Or App 44, 45, 50, 312 P3d 555 (2013) (exercising discretion to correct plain error in admitting prior-bad-acts evidence, based on the gravity of the error and the nature of the case, where the defendant was convicted of strangling both his ex-girlfriend and their four-year-old son, and "the admission of that evidence likely affected the jury's verdict"); *State v. Reynolds*, 250 Or App 516, 521-23, 280 P3d 1046, *rev den*, 352 Or 666 (2012) (exercising discretion to correct plain error in convicting the defendant of third-degree assault, because entry of a criminal conviction without sufficient proof is a grave error of constitutional magnitude, and because correcting the error would not undermine the important considerations

behind the preservation requirement in the particular circumstances).

Here, we ultimately are not persuaded to exercise our discretion to correct the instructional error. There is no question that the evidence in each case was legally sufficient to prove that defendant was criminally negligent as to the value element—but that alone, of course, is minimally relevant to whether the error was grave. What is relevant is that, viewing the records as a whole and in the context of the juries' other findings, even though there is *some* likelihood that the verdict would have been different (such that the error was not legally harmless), it is an extremely low likelihood. We have not treated failure to instruct on a mental-state element as the type of plain error that is so grave as to merit the exercise of discretion in every case.[4] Each case therefore must necessarily be decided on its own particular facts. Here, we are ultimately unpersuaded that the gravity of the error, the ends of justice, or the other relevant considerations warrant exercising our discretion to reverse and remand for new trials based on the failure to give a mental-state instruction on the value element. We therefore affirm defendant's convictions for first- and second-degree criminal mischief.

## II.  PPS TERM ON COUNT 2

In her third assignment of error, defendant contends that the court plainly erred by imposing 36 months of PPS for Count 2, failure to perform the duties of a driver, in Case Number 20CR68461, because the offense has a crime seriousness rating of Level 6, which carries a maximum PPS term of 24 months. OAR 213-018-0038; OAR 213-005-0002(2)(a). The state concedes that the trial court plainly erred in its PPS calculation on that count for that reason and that we should exercise our discretion to correct the

---

[4] The Supreme Court recently reminded us to use "utmost caution" in deciding whether to exercise discretion to correct a plain error. *McKinney/Shiffer*, 369 Or at 333; *see also Ailes*, 312 Or at 382 ("A court's decision to recognize unpreserved or unraised error in this manner should be made with utmost caution."). Automatically correcting every plain error that does not meet the constitutional harmlessness standard would not seem to be a cautious exercise of our discretion. As with most discretionary decisions, a more nuanced approach is required.

error. We agree.[5] Accordingly, we remand for resentencing in all three cases, as they were sentenced together.

Remanded for resentencing; otherwise affirmed.

---

[5] We do not address defendant's additional argument that the court must reduce the presumptive 24 months of PPS to 23 months under OAR 213-005-0002(4). That argument may be raised on remand and decided by the sentencing court in the first instance.