No. 568 August 14, 2024 391

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL EDWARD RAMIREZ,
*Defendant-Appellant.*

Lane County Circuit Court
21CR00266; A178672

Stephen W. Morgan, Judge.

Submitted November 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant raises a single assignment of error challenging his conviction for second-degree assault, ORS 163.175.[1] He argues that the trial court plainly erred when it failed to instruct the jury that a culpable mental state of at least criminal negligence attached to the serious-physical-injury element. We agree that the trial court committed plain error. But for the reasons explained below, we decline to exercise our discretion to correct that error. Therefore, we affirm.

To begin, we agree that the trial court committed plain error. The trial court instructed the jury that, aside from the approximate date of the crime, second-degree assault consisted of a single element: that defendant "knowingly caused serious physical injury" to the victim. The problem with the court's description of that element is two-fold. "First, it did not state that a defendant must knowingly engage in assaultive conduct. Second, it did not state that a defendant must be at least criminally negligent with respect to causing injury." *State v. Raney*, 331 Or App 693, 703, 547 P3d 172 (2024) (finding that "the court plainly erred by giving an unclear instruction that the jury was to find, as a single element, that defendant 'knowingly caused serious physical injury'").

Next, we consider whether the error was harmless. Because the mechanism of the victim's injuries (specifically, whether defendant punched the victim, kicked her, stomped on her, or all of the above) was somewhat ambiguous, we hesitate to say that the error was harmless. *See State v. Pfannenstiel*, 331 Or App 591, 595, 546 P3d 945 (2024) (concluding that error was not harmless where the precise mechanism of injury was ambiguous and, had it been properly instructed, the jury would have had to resolve that ambiguity in order to consider whether the defendant acted with criminal negligence regarding the extent of injury). Ultimately, however, we need not decide whether the error was harmless or not because we decline to exercise our discretion to correct the trial court's error.

---

[1] As charged in this case, second-degree assault occurs when a person "knowingly causes serious physical injury to another."

We decline to do so because, even if there is some likelihood that the verdict would have been different if the court correctly instructed the jury, "it is an extremely low likelihood." *State v. Horton*, 327 Or App 256, 266, 535 P3d 338 (2023); *see also id.* at 264 ("[O]ur assessment of where [a given error] falls on the spectrum of 'likelihood' of having affected the verdict can be an important consideration to the exercise of discretion. The likelihood that the error affected the outcome goes to its 'gravity' and to 'the ends of justice.'"). In assessing the likelihood that the verdict was impacted by the court's failure to instruct on a mental state, "we consider the instructions 'as a whole and in the context of the evidence and record at trial, including the parties' theories of the case with respect to the various charges and defenses at issue.'" *Raney*, 331 Or App at 704 (quoting *State v. Owen*, 369 Or 288, 323, 505 P3d 953 (2022)). Here, defendant was charged on the theory that he knowingly caused serious physical injury. Eyewitnesses of the assault described defendant's assaultive conduct in various ways: that he "kick[ed]" and "punched" the victim, that he "stomp[ed]" on her a "couple of times," and that he "beat[ ] the crap out of" her. The vast majority of the evidence showed that his conduct was aimed at the victim's head, which sustained grievous injuries in the attack. Meanwhile, defendant raised a mistaken-identity defense. In other words, he presented evidence that he was simply an innocent bystander who was mistakenly identified as the assailant.

We conclude that the likelihood that the error affected the verdict is extremely low because defendant's defense did not turn on the nature of the assaultive conduct or the possibility of a nonculpable mental state, and given the nature of the assaultive conduct described by the eyewitnesses, we believe that it is extremely unlikely the jury would have found that defendant was not at least criminally negligent with regard to the risk of serious physical injury that resulted from that conduct.

Affirmed.