No. 703 October 2, 2024 347

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BOBBY LEON RUDOLPH, JR.,
*Defendant-Appellant.*

Washington County Circuit Court
21CR50313; A178409

Eric Butterfield, Judge.

Submitted November 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals his convictions for fourth-degree assault constituting domestic violence, ORS 163.160(3), and harassment, ORS 166.065(3). He raises three assignments of error: (1) that the trial court erroneously excluded defendant's hearsay statements; (2) that it plainly erred in allowing a police officer to vouch for the victim's credibility; and (3) that it plainly erred in failing to instruct the jury that a culpable mental state attaches to the physical-injury element of fourth-degree assault. For the following reasons, we affirm.

*Exclusion of defendant's hearsay statements.* The state charged defendant on the theory that he had injured his girlfriend, M. However, during the investigation, defendant had told a police officer that he acted in self-defense after M attacked him with a knife. At trial, before cross-examining that officer, defendant sought to introduce his statements under the domestic-violence hearsay exception, OEC 803(26)(a), because defendant had been reporting "an incident of domestic violence." After the state argued that the exception did not apply, the court excluded the evidence. Nevertheless, the state later introduced that same evidence during its rebuttal case.

On appeal, defendant challenges the trial court's exclusion of his statements under OEC 803(26)(a). Although he acknowledges that the disputed evidence was eventually admitted at trial, he argues that the error was not harmless because the exclusion of the evidence during the state's case-in-chief required him to testify in order to present his self-defense theory. And, because defendant's testimony may have negatively affected the verdict, he argues that the error was not harmless.

However, we find that any error was harmless and, therefore, we do not address the merits of defendant's first assignment of error. *See State v. Horton*, 327 Or App 256, 262, 535 P3d 338 (2023) ("We cannot reverse a judgment based on a harmless error, so if the error was truly 'harmless,' then we have no discretion and must affirm."). An error is harmless when there is "little likelihood that the error

affected the jury's verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). Given the circumstances in this case, including that defendant raised self-defense to the charges, that both defendant's testimony and the state's rebuttal testimony introduced the same evidence, and that defendant's credibility would have been called into question even if he did not take the stand (through impeachment with his prior convictions and the testimony of the officer and M), there is little likelihood that the trial court's evidentiary decision had any effect on the jury's verdict.

*Plain-error vouching.* Next, defendant argues that the trial court plainly erred when it allowed the officer to vouch for M's credibility by testifying, "I did not believe she was intentionally concealing anything from me. She seemed to be forthcoming[.]"

Plain error review is a two-step process. We must first determine whether the error is plain, which means that it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If those three elements are met, we must then determine whether to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

> "A trial court commits plain error by failing to exclude evidence *sua sponte* when there is 'true vouching,' which involves one witness testifying that 'he or she believes that another witness is or is not credible, which a party offers to bolster or undermine the veracity of that other witness.'"

*State v. Lopez-Morales*, 332 Or App 686, 692, 551 P3d 1006 (2024) (quoting *State v. Corkill*, 262 Or App 543, 552, 325 P3d 796, *rev den*, 355 Or 751 (2014)). It follows, then, that there is no plain error when there is reasonable dispute about whether the testimony meets the definition of "true vouching." *See Lopez-Morales*, 323 Or App at 692 ("Here, the claimed errors are not plain because it is not obvious or beyond dispute that [the] testimony constituted true vouching.").

Like in *Lopez-Morales*, it is not obvious or beyond dispute that the officer's testimony in this case constituted "true vouching." As the state argues on appeal, the officer's testimony does not necessarily mean that he believed that M had been truthful. Rather, his testimony is akin to saying that M provided all the necessary details—it does not necessarily express anything about the truthfulness of those details. Or, at least, it is not "obvious" or "beyond dispute" that it does so. For that reason, we are not convinced that any error here constitutes plain error.

*Lack of a mental-state instruction.* Finally, defendant argues that that trial court plainly erred when it instructed the jury about the elements of fourth-degree assault as follows:

> "In this case, to establish the crime of Assault in the Fourth Degree, the state must prove beyond a reasonable doubt the following elements: The act occurred on or about October 17th, 2021; and, [defendant] recklessly caused physical injury to [M]."

He argues that the instruction was defective because it did not explain that the jury needed to find that defendant knowingly or recklessly engaged in assaultive conduct and was at least criminally negligent with respect to causing physical injury. However, his argument is foreclosed by our recent decision in *State v. Raney*, 331 Or App 693, 702, 702 n 5, 547 P3d 172 (2024) (holding that the trial court did not commit plain error when it instructed the jury that the state had to prove only that defendant "recklessly caused physical injury").

Affirmed.