612                  October 23, 2024                  No. 752

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA WAYNE BULL,
aka Joshua W. Bull,
*Defendant-Appellant.*

Jackson County Circuit Court
20CR22242; A178698

Laura A. Cromwell, Judge. (Judgment)

Lorenzo A. Mejia, Judge. (Supplemental Judgment)

Argued and submitted August 29, 2024.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. On the briefs were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Oregon Public Defense Commission.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this criminal case, defendant challenges his convictions, after unanimous jury verdicts, for second-degree murder, ORS 163.115 (Count 1); first-degree robbery, ORS 164.415 (Count 2); first-degree kidnapping, ORS 163.235 (Count 3); and felon in possession of a firearm, ORS 166.270 (Count 5). We affirm.

Defendant was tried with a co-defendant. The state's theory was that the two men acted together and that the jury could find defendant guilty of the charged offenses either as a principal or as an accomplice; but the state did not elect under which theory to proceed. In his first assignment of error, defendant contends that, because the evidence allowed the jury to conclude that defendant acted either as a principal or an accomplice, and because the state did not elect to pursue a single theory of liability, the trial court plainly erred when it failed to instruct the jury that it must unanimously concur as to whether defendant was criminally liable for each crime as a principal or an accomplice. Defendant asserts that the court's failure to give a concurrence instruction likely allowed the jury to base its verdict on alternative factual occurrences and therefore is not harmless.

Defendant is correct that when the evidence permits a jury to find a defendant criminally liable either as a principal or as an accomplice, the state is required, when it is requested, to elect the theory on which to proceed, or the court, on request, must instruct the jury that it must unanimously agree on one theory. *See State v. Phillips*, 354 Or 598, 606, 612-13, 317 P3d 236 (2013) (holding that when the state argues that the evidence supports a defendant's conviction under either an accomplice or principal theory of liability, the trial court must provide an instruction requiring jury concurrence on a single theory of liability if requested). Here, the trial court instructed the jury regarding accomplice liability; but the court did not instruct the jury that it needed to unanimously agree about a principal or accomplice theory of criminal liability.

Assuming that the trial court did plainly err in failing to give the concurrence instruction and that the error

was not legally harmless, we decline to exercise our discretion to correct any error. "[A] decision to review a plain error is one to be made with the 'utmost caution' because such review undercuts the policies served by the preservation doctrine." *State v. Vanornum*, 354 Or 614, 630-31, 317 P3d 889 (2013) (quoting *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991)). Determining whether to exercise discretion to review an unpreserved error "entails making a prudential call that takes into account an array of considerations, such as the competing interests of the parties, the nature of the case, the gravity of the error, and the ends of justice in the particular case." *Id.* at 630. Here, we conclude that the error itself was not grave. That is because, as the state argues, the evidence presented at trial on the factual scenario of accomplice liability also established the principal theory of liability. *See Phillips*, 354 Or at 613 (the error in failing to give the concurrence instruction "was harmless because, on the facts in this case, the factual findings necessary to find defendant liable on one theory either subsumed or were the same as the factual findings on the other theory"); *State v. Munoz*, 270 Or App 490, 500, 348 P3d 296, *rev den*, 357 Or 596 (2015) (the failure to give a concurrence instruction on theory of liability is harmless when alternative factual scenarios both support principal liability).

Additionally, if defendant had requested a concurrence instruction, the court could easily have given one and avoided the asserted plain error. For both of those reasons, we conclude that the "ends of justice" do not require us to overlook "the strong policies requiring preservation," *Ailes*, 312 Or at 382, and exercise our discretion to correct the asserted unpreserved error. *See State v. Horton*, 327 Or App 256, 263, 535 P3d 338 (2023) (declining to exercise discretion when, "viewing the records as a whole and in the context of the juries' other findings, even though there is *some* likelihood that the verdict would have been different (such that the error was not legally harmless), it is an extremely low likelihood"); *see also Ailes*, 312 Or at 382 n 6.

We turn to defendant's second assignment of error. In his defense of the charged acts, defendant argued that he acted under the duress of his co-defendant. At closing

argument, focusing on defendant's testimony that he acted under duress, defense counsel argued to the jury, "If you believe [defendant], he is not guilty of any of these crimes."

On rebuttal, the prosecutor responded: "Well, if you don't believe him, you have to find him guilty. And we talked about the reasons earlier why you shouldn't believe his testimony." In his second assignment of error, as pertains to the robbery and kidnapping charges, defendant contends that the prosecutor's statement misstated the law, which places the burden on the state to disprove defendant's proffered defenses, not on defendant to prove the defenses. Defendant contends that the effect of the improper argument was to confuse the jury on the burden of proof and deny defendant a fair trial. Thus, defendant contends, the trial court plainly erred in failing to *sua sponte* declare a mistrial.

The state responds that, within the scope of proper advocacy, the prosecutor could permissibly argue that defendant's testimony was not credible. We agree with that argument as a general proposition. *See State v. Slay*, 331 Or App 398, 404, 545 P3d 768, *rev den*, 372 Or 560 (2024) ("Advocacy, whether it be in the criminal or civil context, would be nearly impossible if attorneys were not able to comment on a witness's credibility, provided that their argument is grounded in the evidence in the record."). But the prosecutor's statement that if the jury disbelieved defendant it had to find him guilty was an improper shorthand for that general proposition. Even if the jury disbelieved defendant that he was coerced or acted under duress and rejected defendant's defense, the jury was not required to find defendant guilty, a conclusion that depended on whether the state had met its burden to establish defendant's guilt beyond a reasonable doubt. The prosecutor's statement mischaracterized the burden of proof.

However, in context of the closing argument as a whole, we conclude that the jury would not have been confused by the prosecutor's comment. The full context of the argument shows that the emphasis of the prosecutor's argument was that defendant was not a credible witness, not that defendant had the burden to prove his defense. Additionally, the prosecutor's improper statement was an isolated one. In

context, that improper statement was not so egregious as to draw the jury's attention away from the proper instructions on the burden of proof or result in an unfair trial. Therefore, we conclude that, had defendant made a motion for mistrial, it would not have been an abuse of discretion for the trial court to have denied the motion and instead given a corrective instruction. Thus, we conclude that there was no plain error. *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022) ("[A] defendant asserting plain error must demonstrate that the prosecutor's comments were so prejudicial that an instruction to disregard them would not have been sufficiently curative to assure the court, in its consideration of all the circumstances, that the defendant received a fair trial.").

        In his fourth through ninth supplemental assignments of error, defendant contends that the prosecutor made several statements during closing argument that improperly expressed a personal opinion of defendant's credibility, including comments that defendant had "lied" and had fabricated his testimony. A witness may not "vouch" for the credibility of another witness by expressing a personal opinion as to that witness's credibility. *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019) (the "vouching rule" is a "judicially created rule of evidence designed to 'serve[] the policy goals of ensuring that the jury remains the sole arbiter of witness credibility and that the jury's role in assessing witness credibility is not usurped by another witness's opinion testimony'" (quoting *State v. Chandler*, 360 Or 323, 330, 380 P3d 932 (2016)). "[L]awyers are similarly prohibited from giving their personal opinions on the credibility of witnesses." *Id*. Citing our recent opinion in *State v. Montgomery*, 327 Or App 655, 536 P3d 627 (2023), *rev den*, 371 Or 825 (2024), defendant contends that the prosecutor's statements constituted improper vouching that resulted in an unfair trial.

        We have reviewed each of the asserted statements and agree with the state that, unlike in *Montgomery*, where the prosecutor made general statements disconnected from the record that the defendant was untruthful, the prosecutor's comments here were instead permissible advocacy on defendant's credibility based on the evidence in the record.

*Slay*, 331 Or App at 404. We therefore conclude that the comments provide no basis for plain error review.

Finally, in his third assignment of error, defendant makes a preserved argument that the trial court erred in determining that the sentence on defendant's first-degree robbery conviction should run consecutive to defendant's second-degree murder conviction, because the offenses resulted in separate harms. We conclude that there was no error. *See* ORS 137.123(5)(b) (authorizing a consecutive sentence when the offense "caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim" than the other offense). Defendant's robbery offense created a qualitatively different loss and harm to the victim than that resulting from the victim's murder.

Affirmed.