No. 993 November 19, 2025 91

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CASIMIRO JOSE BAZAN-MARTINEZ,
*Defendant-Appellant.*
Columbia County Circuit Court
22CR30529; A182761

Michael T. Clarke, Judge.

Submitted June 17, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction, challenging his convictions for driving under the influence of intoxicants (DUII), ORS 813.011 (Count 3), and reckless driving, ORS 811.140 (Count 4).[1] Defendant was found guilty by a jury on Count 3 and by the court on Count 4. In one assignment of error, defendant contends that the trial court plainly erred in not *sua sponte* striking the arresting officer's testimony that field sobriety tests are accepted nationwide for determining whether a driver is under the influence of intoxicants. We conclude that even assuming the trial court committed plain error and that the error was not harmless, issues that we do not address, we would not exercise our discretion to correct any plain error because it was extremely unlikely that the evidence in the context of this case had any effect on the jury or court verdicts.

We recite the facts relevant to our analysis. On the evening of February 7, 2021, Officer McClure of the City of Saint Helens Police Department received a dispatch call with a report that a white Ford F-150 truck was failing to maintain its lane. She located a truck with Washington plates that matched the information in the call. She followed the truck and also observed that the truck was not maintaining its lane. McClure then saw the truck drive into the oncoming lane of traffic and she initiated a traffic stop. Upon approaching the truck, she noticed defendant's eyes were bloodshot and watery, and she could smell an odor of alcohol. Defendant had difficulty following the officer's directions when trying to retrieve his license and registration. Defendant was otherwise able to communicate, speak English, and understand the officer. Defendant initially told the officer that he had consumed no alcohol, but later stated at the police station that he had had two beers. The officer observed several open and unopened cans of beer and other alcoholic beverages in the cab of the truck.

The officer had defendant perform field sobriety tests, namely the horizontal gaze nystagmus test (HGN),

---

[1] Defendant does not challenge the other convictions for DUII (Count 1) and recklessly endangering another person (Count 2) that arose from a separate driving incident.

the walk-and-turn test, and the one-leg stand. Based on those tests, the officer observed and testified at trial that defendant exhibited a number of "clues" or indicators of impairment. As noted above, the officer also testified, without objection from defendant, that the field sobriety tests were "accepted nationwide" for determining whether a person is intoxicated. The officer also had defendant take a breath test to measure his blood alcohol content (BAC). Defendant's BAC was .26 when he was tested approximately one hour after his arrest. That is over three times the .08 legal limit for *per se* intoxication, ORS 813.010(1)(a). Officer McClure testified that, based on her training and experience, consuming two beers would not result in a .26 BAC. Based on the officer's observations, defendant's performance on the tests, and other evidence, the officer testified that she believed that defendant had been driving under the influence of intoxicants.

Defendant's defense at trial was to argue that field sobriety tests are not easy to follow, suggest that defendant may not have understood the officer because English was not his primary language, and argue in closing that the jury should acquit because defendant may have been confused, fearful, and ashamed for that reason. The jury found defendant guilty of DUII. In its speaking verdict on the reckless driving charge, the court found the following significant:

> "But then to top it all off there was the .26 blood alcohol content. So he was clearly under the influence and not just a little bit but a lot, you know, based on three, over three times the legal limit."

The court also noted the open and unopened cans of alcoholic beverages in the cab of the truck at the time defendant was pulled over, which suggested that defendant had been drinking and driving in the truck. The court found defendant guilty of reckless driving for driving into the other lane of traffic while intoxicated.

As noted, defendant's sole assignment of error is that the trial court erred in not *sua sponte* striking the officer's testimony that FSTs are "accepted nationwide" for determining whether a person is intoxicated; defendant contends that the testimony was clearly scientific testimony for

which no foundation had been established. We have written on this issue several times in the past two years. We need not decide if the court plainly erred in admitting the testimony or, assuming the court plainly erred, whether any error was harmless. Even assuming both those things are true, we would not exercise our discretion to correct any presumed plain error here after considering the discretionary factors in *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). Most significant to our conclusion, we do not believe that the gravity of any error or the ends of justice favor our exercise of discretion here because there is an extremely low likelihood that any presumed error affected the verdict. *See State v. Horton*, 327 Or App 256, 266, 535 P3d 338 (2023) (deciding not to exercise discretion and noting the "extremely low likelihood" that any error affected the verdict). Again, defendant had a BAC that was over three times the legal limit. He presented no defense on that issue, which both formed the basis for a *per se* driving while intoxicated conviction and weighed heavily in the trial court's speaking verdict on the reckless driving charge.

We briefly contrast this case to our recent decision in *State v. Ortiz*, 343 Or App 37, ___ P3d ___ (2025), where we concluded that there was plain error and we exercised our discretion to correct it. In that case, defendant had a .07 BAC approximately one hour and 15 minutes after driving, had admitted to drinking but did not appear clearly intoxicated, had a reasonable explanation for her mixed performance on the FSTs, and there had been no report of a traffic violation or observations of impaired driving, as here. *Id.* at 44-45. We called that a "close case in some respects." *Id.* at 41. Simply put, this case was not close such that any presumed error was extremely unlikely to have affected the outcome. In fact, the clearest scientific evidence here was defendant's .26 BAC. We do not exercise our discretion to correct any presumed plain error.

Affirmed.