No. 423 June 26, 2024 389

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CURTIS GLEN DEHAVEN,
*Defendant-Appellant.*

Lane County Circuit Court
22CR43876; A180227

Erin A. Fennerty, Judge.

Submitted May 31, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Armstrong, Senior Judge.

JOYCE, P. J.

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.

**JOYCE, P. J.**

Defendant appeals from a judgment of conviction for two counts of felony strangulation constituting domestic violence, ORS 163.187(4), and one count of felony fourth-degree assault constituting domestic violence, ORS 163.160(3). In three assignments of error, defendant argues that the trial court erred by (1) provisionally admitting as impeachment evidence defendant's prior convictions under OEC 609, (2) failing to instruct the jury that a culpable mental state applied to the "physical injury" element of fourth-degree assault, and (3) imposing restitution without a hearing or evidence to support it. We are not persuaded that the first two assignments of error merit reversal. As to the last, the state concedes that the trial court erred, and we agree. Accordingly, we reverse the supplemental judgment, remand for resentencing, and otherwise affirm.

*Prior Convictions under OEC 609.* In a pretrial motion, defendant sought an advance ruling on the admissibility of his prior convictions to impeach his character for truthfulness under OEC 609. He argued that due process required that the convictions be excluded because they could not survive OEC 403 balancing. The trial court engaged in OEC 403 balancing and denied in part defendant's motion. Due to the trial court's ruling, defendant decided not to testify. He challenges the trial court's ruling on appeal.

After this case was submitted, the Oregon Supreme Court issued *State v. Aranda*, 372 Or 363, 406, ___ P3d ___ (2024), in which the court held that due process does not require a trial court to engage in OEC 403 balancing when determining the admissibility of evidence under OEC 609. Although the Supreme Court acknowledged that a "defendant's right to due process overrides any state rule of criminal procedure that would render his trial fundamentally unfair," the application of that standard is not governed by OEC 403's balancing test. *Aranda*, 372 Or at 401. Because defendant's argument rests on the application of OEC 403 and we do not otherwise find that the admission of defendant's prior convictions under OEC 609 was "so extremely unfair as to deprive * * * defendant of a fundamentally fair

trial," *Aranda*, 372 Or at 401 (internal quotation marks omitted), we cannot find any error in the trial court's ruling.

*Culpable Mental State.* The state charged defendant with fourth-degree assault, alleging that he knowingly caused physical injury to the victim. On appeal, defendant argues that the trial court plainly erred in failing to instruct the jury as to the culpable mental state of at least criminal negligence for the "physical injury" element of the crime.

We agree that the trial court's instruction was plainly erroneous. *See State v. Raney*, 331 Or App 693, 703, 547 P3d 172 (2024) (finding that a similar instruction was plainly erroneous where state alleged that the defendant knowingly caused physical injury to the victim). And, because there was some ambiguity in the mechanism of S's injuries, we cannot say that the error was harmless. *See State v. Pfannenstiel*, 331 Or App 591, 546 P3d 945 (2024) (concluding that error was not harmless where the precise mechanism of injury was ambiguous and, had it been properly instructed, the jury would have had to resolve that ambiguity to consider whether the defendant acted with criminal negligence regarding the extent of injury). However, we decline to exercise our discretion to correct the error because, "even though there is some likelihood that the verdict would have been different (such that the error was not legally harmless), it is an extremely low likelihood." *State v. Horton*, 327 Or App 256, 266, 535 P3d 338 (2023) (emphasis omitted).

This case went to trial after the Supreme Court issued *State v. Owen*, 369 Or 288, 322, 505 P3d 953 (2022) (holding that a culpable mental state applies to the physical-injury element of assault crimes), but defendant did not raise as a defense the lack of a culpable mental state with regard to S's injuries. Instead, the central dispute at trial was whether defendant caused the injuries at all or, if he did, whether he acted in self-defense. The jury necessarily rejected the claim of self-defense and found that defendant knowingly engaged in assaultive conduct. The possible source of S's injuries, according to the evidence presented at trial, was that defendant threw her to the floor and that he straddled S while strangling her. We conclude that it is

extremely likely that, had it been properly instructed, the jury would have found that defendant was at least criminally negligent in causing physical injury by engaging in either type of conduct.

*Restitution.* Defendant was sentenced in November 2022. On January 23, 2023, the state filed and served on defendant a copy of a restitution schedule. On February 10, 2023, the trial court signed a supplemental restitution judgment. On February 14, 2023, defendant filed an objection to the restitution schedule and requested a hearing. The supplemental judgment was entered the following day. The court did not hold a restitution hearing.

On appeal, defendant argues that the trial court erred when it imposed restitution without a hearing and without any evidence in the record to support the restitution award. The state concedes that the trial court plainly erred under ORS 137.106(1)(b)(B), which required the court to set a hearing in these circumstances, and that remand is appropriate. We accept and agree with the state's concession.

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.