No. 881 October 8, 2025 137

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRYON KEITH GREISS,
*Defendant-Appellant.*

Morrow County Circuit Court
22CR35488; A182502

Jon S. Lieuallen, Judge.

Submitted August 20, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin Carveth, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Remanded for resentencing; otherwise affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for strangulation, coercion, fourth-degree assault, and harassment. In defendant's first assignment of error, which relates to his fourth-degree assault conviction, defendant contends that the trial court plainly erred by not instructing the jury that the state was required to prove that defendant had acted with at least criminal negligence as to the physical injury element of the crime. Defendant also raises five additional assignments of error related to his sentencing.

As to defendant's first assignment of error, the state concedes—and we agree—that the trial court plainly erred by failing to properly instruct the jury as to the requisite mental state for the "physical injury" element of fourth-degree assault. *State v. Owen*, 369 Or 288, 322, 505 P3d 953 (2022) (holding in a prosecution for second-degree assault that "the state, at a minimum, must prove that a defendant was criminally negligent with respect to the injury caused by the defendant's actions"). But we decline to exercise our discretion to correct this error because there is little likelihood that the error affected the jury's verdict. *State v. Horton*, 327 Or App 256, 264-66, 535 P3d 338 (2023) ("Even if an error does not qualify as 'harmless,'" meaning that there is some "likelihood" that the error would have affected the verdict, plain-error review is unwarranted where that likelihood is "extremely low."). Framed slightly differently, even if the trial court had not erred, there is an extremely low likelihood that the jury would not have concluded from the evidence that defendant was at least criminally negligent as to whether he caused the victim physical injury.

The evidence showed that during the attack, defendant pushed the victim up against a wall and started to strangle her by putting his hands around the victim's throat and "[s]queezing it pretty hard," telling her he "could have killed [her]." The victim could not breathe and felt like she was "blacking out." After defendant let go of the victim's neck, defendant "pushe[d the victim] up in the corner of the kitchen," which resulted in the victim cutting her foot. After the attack, the victim experienced significant pain in her neck and chest and had black and blue marks on her neck in

the form of defendant's handprint that took a month or two to dissipate.

Given that evidence of defendant's violent conduct towards the victim, we conclude that there was an "extremely low likelihood" that the jury would not have found that defendant had acted with at least criminal negligence with respect to the physical injury element of the crime, regardless of whether the jury had been properly instructed on the requisite mental state. Therefore, we decline to exercise our discretion to correct the trial court's plain error. *See, e.g.*, *State v. Sell*, 328 Or App 82, 95-96, 536 P3d 1019 (2023), *rev den*, 372 Or 63 (2024) (refusing to exercise discretion to correct a similar instructional plain error because, given the facts, "there [was] an extremely low likelihood that the jury would not have found that [the] defendant was at least criminally negligent with respect to the injury element of the crime"); *see also State v. Dehaven*, 333 Or App 389, 392-93, 553 P3d 62, *rev den*, 373 Or 81 (2024) (where evidence showed that the defendant "straddled" the victim on the floor and "strangl[ed] her," it would be "extremely likely that, had it been properly instructed, the jury would have found that [the] defendant was at least criminally negligent in causing [the victim] physical injury").

As to defendant's five sentencing-related claims of error, the state concedes that the trial court erred in including previously unannounced terms in the sentencing judgment, including the trial court's imposition of both special conditions of probation (assignments of error four and five) and per diem fees (assignment of error six). We accept the state's concession on those claims of error and remand for resentencing. This conclusion obviates the need to address defendant's second and third assignments of error, each of which also relate to purported sentencing errors; defendant can raise, and the trial court can address, those issues on remand.

Remanded for resentencing; otherwise affirmed.